**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-30865
(Summary Calendar)

_____


ANGIE GOBERT,

Plaintiff-Appellant,

versus


DALE E. WILLIAMS,

Intervenor-Appellee,

versus


U.S. DEPT OF INTERIOR, Honorable Bruce Babbitt in his official
capacity as Secretary of the United States,

Defendant.


Appeal from the United States District Court
For the Eastern District of Louisiana

March 26, 2003


Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Angie Gobert appeals the district court's enforcement of a contingent fee provision in the

retainer agreement she entered into with her attorney, intervenor Dale Williams. Gobert retained Williams to represent her in a Title VII suit against her employer, the United States Department of Interior. Gobert signed a retainer agreement, which entitled Williams to "thirty-five (35%) percent of any amount recovered or saved after suit if [sic] filed, excluding court awarded attorneys fees. . . ." The retainer agreement also stated that "[i]t is specifically understood that all court awarded attorneys fees are and shall remain the property of attorney."

Gobert was awarded a promotion and a judgment in the amount of $34,637.84. Pursuant to 42 U.S.C. § 2000e-5(k), the district court also ordered the Department of Interior to pay Gobert's attorneys' fees in the amount of $35,775.00. Following post-judgment contempt proceedings, the judgment was increased to $49,769.11, and Gobert was awarded an additional $915.00 for Williams' attorneys fees. In the course of those proceedings, Gobert terminated Williams, who then intervened to enforce the retainer agreement. The district court concluded that the agreement was enforceable and that, in addition to the awards of attorneys' fees, Williams was entitled to $17,419.19 (*i.e.*, thirty-five percent of the $49,769.11 judgment in favor of Gobert. The district court also concluded that the contingency fee was reasonable and equitable because Williams obtained an exceptional result for Gobert by winning her a promotion in a difficult case.

On appeal, Gobert contends that Williams is entitled only to the "reasonable attorney's fees" awarded pursuant to § 2000e-5(k). Section 2000e-5(k) states that, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." In *Venegas v. Mitchell*, 495 U.S. 82

(1990), the Supreme Court held that similar language in 42 U.S.C. § 1988[1] did not bar enforcement of a contingent fee provision in a retainer agreement. The Court distinguished between fee-shifting statutes requiring the defendant to pay the attorneys' fees of the successful plaintiff and contingent fee agreements requiring the client to pay his or her attorney a percentage of the award:

> [Section] 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.

495 U.S. at 90.

As with § 1988, "there is nothing in [§ 2000e-5(k)] to regulate what plaintiffs may or may not promise to pay their attorneys if they lose or if they win." *Venegas*, 495 U.S. at 87-88. Morever, because this dispute turns on the enforceability of the retainer agreement rather than the amount of fees shifted to the losing party, our case law regarding the reasonableness of fee awards under § 2000e-5(k) does not apply.

Gobert does not contest the validity of the retainer agreement, nor has she demonstrated that the district court erred in concluding that the contingency fee was reasonable. Accordingly, we AFFIRM.

---

[1] Section 1988(b) provides that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."