**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1268

JACQUELYN M. QUINT,

Plaintiff, Appellant,

v.

A.E. STALEY MANUFACTURING COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Oberdorfer[*], Senior District Judge.

Dana A. Curhan for appellant.
David G. Webbert, Johnson & Webbert, LLP, Stephen A. Roach,
and Roach & Wise, LLP, on brief for appellee.

December 19, 2003

[*]Of the United States District Court for the District of
Columbia, sitting by designation.

**Per Curiam**. Jacquelyn Quint commenced a civil action against her employer, A.E. Staley Manufacturing Co., alleging employment discrimination based on disability. Following a jury trial, an appeal, and a settlement following remand, Quint recovered a $485,000 award for back pay, compensatory damages, and future wages. See Quint v. A.E. Staley Mfg. Co., 172 F.3d 1 (1st Cir. 1999). At issue in the instant appeal are the fees received by two attorneys Quint retained to litigate her case. Attorney David Webbert accepted Quint's case pursuant to a contingent fee agreement, wherein he agreed (i) to accept a 25% contingency fee, rather than his customary 40% contingency fee, as well as any statutory fees awarded Quint under the pertinent fee-shifting statute. Attorney Stephen Roach in turn negotiated a 15% contingency fee, plus statutory fees. Attorney Webbert's contingent fee award amounted to $156,079.80; Attorney Roach's contingent fee award came to $80,648.42. Finally, Attorney Webbert was awarded $99,363.69 in statutory fees; Attorney Roach $52,811.92. Quint v. A.E. Staley Mfg. Co., 245 F. Supp. 2d 162, 182 (D. Me. 2003).

Quint contends on appeal that the district court erred in declining to reduce (i.e., offset) the contingent fees, awarded to her former attorneys, by the amount of the statutory fees they received, and that the fee award unfairly accorded Webbert and Roach "windfall" compensation exceeding their customary hourly

-2-

rates.  Quint's contentions fail.

First, unlike statutory fees, which normally are delimited to "reasonable" compensation, fee awards predicated upon fee agreements privately negotiated between attorney and client are reviewed more deferentially; in the sense that we will exercise our supervisory power to reduce a fee award predicated upon a fee agreement only in those "exceptional circumstances" where the fee assessed by counsel is "unethically excessive." Sargeant v. Sharp, 579 F.2d 645, 648 n.4 (1st Cir. 1978); see Gobert v. Williams, 323 F.3d 1099, 1100 (5th Cir. 2003) ("'[T]here is nothing in [the fee-shifting statute] to regulate what plaintiffs may or may not promise to pay their attorneys [in contingent fees] if they lose or if they win.'") (quoting Venegas v. Mitchell, 495 U.S. 82, 87-88 (1990)).

The record on appeal in the instant case discloses no such exceptional circumstances.  At the time she retained her former attorneys, Quint voluntarily agreed not only to compensate them with a substantially lower contingent fee, but to assign them her rights to any statutory fees as well.  The record further reveals that Attorney Webbert's able representation enabled Quint to surmount several significant legal obstacles – such as Quint's conceded failure to mitigate damages – which contributed

-3-

substantially to Quint's $485,000 recovery.[1]  In turn, Attorney Roach skillfully prosecuted the first appeal Quint brought before this court, and succeeded not only in increasing the back-pay award to Quint, from $8,000 to $46,000, but in securing a remand to the district court to adjudicate her previously dismissed reinstatement claim, which ultimately garnered Quint an additional $100,000.  As the record on appeal plainly discloses, the instant appeal is utterly meritless.

**Affirmed; double costs are awarded to the appellee**.  **SO ORDERED**.

---

[1]Attorney Webbert acknowledges on appeal that, were he to receive litigation expenses as part of his statutory and contingent fee awards, he might be realizing an impermissible double recovery of litigation expenses.  In reliance upon Webbert's representation to us that he will eschew such double reimbursement (if any), we affirm, subject to the district court's prerogative to revisit this aspect of the fee award should Webbert fail to honor this representation.