GASKINS, J.
 

 | ]This matter arises from an attorney fee dispute following a judgment granting damages of $20,000 and attorney fees of $5,000 to the plaintiff, Sandra Dowles, in her suit for wrongful discharge against ConAgra, Inc. (now Pilgrim’s Pride Corporation). The plaintiff had a contingent fee contract with her former attorney, Johnnie A. Jones, Sr., for 40 percent of her recovery. The present dispute arose when Mr. Jones sought to keep the $5,000 attorney fee award as well as 40 percent of the plaintiffs damages. To resolve the dispute, the trial court added the attorney fee award to the damage award and ruled that Mr. Jones was entitled to 40 percent of that amount. Mr. Jones appealed and Ms. Dowles answered the appeal. For the following reasons, we reverse the trial court judgment.
 

 FACTS
 

 Ms. Dowles sued ConAgra for wrongful discharge, claiming that she was fired for exercising her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601
 
 et seq.
 
 Ms. Dowles had been employed with ConAgra since 1997. She had a son with asthma and frequently took time off under the FMLA to care for him. On February 6 or 7, 2002, Ms. Dowles submitted an excuse from the child’s doctor stating that the child had the flu and Ms. Dowles needed to be off work to care for him from February 1 to February 7, 2008.
 

 According to ConAgra, the excuse was altered to extend the excused absence period by one day to February 8, 2002. Ms. Dowles denied altering the excuse and produced a copy of the unaltered excuse. She claimed that she made the copy at work during the course of submitting the excuse to |2ConAgra. According to ConAgra officials, the alteration on the excuse was observed only after Ms. Dowles made the copy. The doctor’s office was contacted and personnel there denied altering the excuse. However, they confirmed that the child was sick on February 8 and stated that an excuse had been written covering the disputed day.
 

 The matter was tried before a jury which rendered a verdict in favor of Ms. Dowles. She was awarded $10,000 in lost wages, benefits, and interest. ConAgra appealed and Ms. Dowles answered the appeal seeking additional damages and reinstatement to her job at ConAgra.
 

 On appeal, this court affirmed the jury’s finding that ConAgra wrongfully discharged Ms. Dowles for exercising her rights under the FMLA. We found that,
 
 *891
 
 because ConAgra did not act in good faith in discharging Ms. Dowles, she was entitled to “liquidated” or double damages under 29 U.S.C. § 2617. We increased the award to $20,000. We also found that, “Under 29 U.S.C. § 2617(a)(3), the successful plaintiff is entitled to a reasonable attorney fee. Accordingly, we render judgment awarding attorney fees of $5,000.”
 
 [1]
 

 ConAgra tendered to Mr. Jones two checks, one for $27,237.31, reflecting the damage award plus interest, and one payable only to Mr. Jones for $8,637.70, reflecting the $5,000 attorney fee award, plus interest and costs.
 

 Following the judgment of this court, a dispute arose between Ms. Dowles and Mr. Jones regarding the amount of the attorney fee. Mr. Jones ^cashed the attorney fee check and also sought to recover 40 percent of the $27,237.31 damage award. Ms. Dowles did not think that Mr. Jones was entitled to 40 percent of her damage award as well as the full attorney fee award of $5,000, plus interest. She refused to endorse the damage award check, the proposed settlement statement and ConAgra’s release. On August 11, 2008, Ms. Dowles filed, in proper person, a motion for a hearing seeking “clarity, certification, and request for assistance against past attorney Johnnie A. Jones, Sr. for misconduct.” This motion was denied by the trial court due to the form in which it was submitted.
 

 Mr. Jones filed a motion to recover attorney fees and for leave of court to deposit the $27,237.31 damage award into the registry of the court. Mr. Jones then claimed that the issue was whether he was entitled to both the attorney fee awarded by this court and the amount that Ms. Dowles agreed to in the contingent fee contract.
 

 ConAgra filed a rule to show cause why Ms. Dowles and Mr. Jones should not be required to execute a satisfaction of judgment, accepting the money tendered.
 
 [2]
 
 Ms. Dowles filed a memorandum in opposition to Mr. Jones’ motion to recover attorney fees.
 

 Ms. Dowles suggested that either the statutory attorney fee award was the sole amount to be recovered by Mr. Jones or that a setoff was the proper remedy. Under the setoff calculation, she argued that 40 percent of $27,237.31 is $10,894.92. Mr. Jones received $5,000 in attorney fees with $1,803.16 in interest for a total of $6,803.16. Ms. Dowles asserted that this ^amount should be subtracted from $10,894.92, leaving her owing Mr. Jones $4,091.96.
 

 A hearing was held on this matter on January 8, 2009. The trial court ruled that the attorney fee award was an element of damages awarded to the plaintiff. He added the statutory attorney fee award to the damage award, plus interest on both, and ruled that Mr. Jones was entitled to 40 percent of that amount. A judgment to that effect was signed by the trial court on January 22, 2009. Mr. Jones appealed and Ms. Dowles answered the appeal.
 

 ATTORNEY FEES
 

 Mr. Jones essentially argues on appeal that the trial court inappropriately modified this court’s judgment by adding the $5,000, plus interest, in statutory attorney fees to the damage award and then granting him 40 percent of that amount. He
 
 *892
 
 contends that, under the contingent fee contract, Ms. Dowles agreed to pay a 40 percent contingent fee and agreed that any award of attorney fees is the sole property of the lawyer, exclusive of any award of the client. He claims that, according to the terms of the contract, he is entitled to the 40 percent contingent fee on Ms. Dowles’ award, as well as the $5,000 plus interest awarded as a statutory attorney fee by this court. Mr. Jones also suggests in his brief that this court should award an additional $2,500 in attorney fees along with costs and travel expenses for having to pursue this matter on appeal.
 

 In her answer to the appeal, Ms. Dowles contends it would be an unreasonable attorney fee if Mr. Jones collected 54.5 percent of his client’s | r,total award by contracting for 40 percent of “any recovery obtained,” and characterizing the client’s attorney fee award as “property of the attorney, exclusive of any award to the client.” She maintains that if Mr. Jones is allowed to keep the $8,637.70 attorney fees and costs, plus 40 percent of the $27,237.31 damage award and interest, he would recover an attorney fee of $19,532.63 out of a total award of $35,875.01.
 

 She argues in the alternative that this court’s award of a “reasonable attorney fee” was fully satisfied by the $8,637.70 received from ConAgra and that she does not owe any additional attorney fees.
 

 Federal Statutory and Jurisprudential Authority
 

 The issue presented is whether the attorney may recover
 
 both
 
 the 40 percent contingent fee amount
 
 and
 
 the statutory attorney fee. Based upon federal authority construing federal statutes which allow for the award of attorney fees by a court, we find that Mr. Jones is entitled to recover both the statutory fee and the contingent fee amount.
 

 The plaintiff in the present case brought an action for wrongful discharge under the FMLA. The statute under which attorney fees were awarded in this case is 29 U.S.C. § 2617(a)(3) which provides:
 

 (3) Fees and costs
 

 The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney’s fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.
 

 The legislative history of this statute provides that, with the exception of the allowance of expert witness fees, this provision is modeled after 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), and therefore |,¡should be interpreted in the same way as the FLSA. The legislative history further provides that, according to the federal courts, the award of attorney fees under the FLSA is mandatory and unconditional. A court has no discretion to deny fees to a prevailing plaintiff; its discretion extends only to the amount allowed. H.R. Rep. 103-8(1) P.L. 103-3 Family and Medical Leave Act of 1993.
 

 There is some authority indicating that, under the federal statutory scheme, an attorney may contract with his client to receive
 
 both
 
 the contingent fee amount
 
 and
 
 the statutory attorney fee award provided in 29 U.S.C. § 2617. In
 
 Award of Attorney’s Fees and Other Litigation Costs Under Fee-Shifting Provision of Family and Medical Leave Act, 29 U.S.C.A. sec. 2617(a)(3),
 
 197 A.L.R. Fed. 229, it was noted that:
 

 There is some authority suggesting that although a contingency fee agreement does not affect calculation of what constitutes a reasonable lodestar rate, a court may require the plaintiff to pay a contingent fee over and above the amount of statutory fees awarded and assessed against the defendant. This
 
 *893
 
 was the case in
 
 Quint v. A.E. Staley Mfg. Co.,
 
 84 Fed.Appx. 101 (1st Cir. 2003), a case actually awarding fees under the Americans with Disabilities Act (ADA) (42 U.S.C.A. §§ 12101 to 12212),
 
 but noting that similar fees ivould have been awarded had the court chosen to make the award under 29 U.S.C.A. § 2617(a)(3) due to the similar language of the FMLA, in which the court found that the plaintiff’s attorney was entitled to the fee specified in the parties’ contingent fee agreement, consisting of 25% of the plaintiff’s recovery, plus assignment of the statutory fee award.
 
 The court noted that the parties had reached this agreement voluntarily, with the attorney specifically agreeing to a lower percentage, rather than his usual 40% of recovery, in exchange for the assignment of statutory fees. The court also held that a second attorney, hired to represent the plaintiff on appeal, was entitled to enforce his fee agreement, calling for 15% of the recovery, plus assignment of the statutory fee award, since the plaintiff had specifically been advised when she terminated her original counsel and hired the second attorney that this would increase the total contingency award 17imposed on her settlement to 40%, and thereby decrease her net recovery. [Emphasis supplied.]
 
 [3]
 

 Other federal statutes allowing for the award of attorney fees include 42 U.S.C. § 1988 for a claim of violation of civil rights under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-5(k) for employment discrimination. These statutes allow for the discretionary rather than mandatory imposition of attorney fees.
 

 The federal Fifth Circuit has considered the exact question presented here, whether an attorney may recover
 
 both
 
 the amount due under the contingent fee contract
 
 and
 
 the attorney fee awarded pursuant to a federal statute. In
 
 Gobert v. Williams,
 
 323 F.3d 1099 (5th Cir.2003), the plaintiff filed a Title VII suit against her employer, the United States Department of the Interior, alleging job discrimination. She had a contingent fee contract with her attorney entitling him to 35 percent of any amount recovered, excluding court-awarded attorney fees. The agreement also contained a provision similar to the contract in the case
 
 sub judice
 
 which provided that, “[i]t is specifically understood that all court awarded attorneys [sic] fees are and shall remain the property of the attorney.”
 

 The plaintiff ultimately received a judgment of $49,769.11, along with a promotion and attorney fees totaling $36,690 pursuant to 42 U.S.C.Js§ 2000e-5(k).
 
 [4]
 
 The plaintiff terminated her attorney, who then intervened to enforce the retainer agreement. The district court found that the fee agreement was enforceable and that, in addition to the statutory attorney fee awarded, the attorney was also entitled to $17,419.19, representing 35 percent of the $49,769.11 judgment.
 

 The plaintiff appealed, contending that the attorney was only entitled to the statutory attorney fee. The Fifth Circuit ruled in favor of the attorney, stating that there
 
 *894
 
 is nothing in § 2000e-5(k) to regulate what plaintiffs may or may not promise to pay their attorneys if they lose or if they win.
 
 [5]
 

 The reasoning in
 
 Gobert
 
 was based in part upon
 
 Venegas v. Mitchell,
 
 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). In
 
 Venegas,
 
 the United States Supreme Court granted certiorari to consider whether 42 U.S.C. § 1988, which allows a court discretion to award a reasonable attorney fee to the prevailing party in a civil rights case, invalidates | gcontingent fee contracts that would require a prevailing civil rights plaintiff to pay his attorney more than the statutory award against the defendant.
 
 [6]
 

 The plaintiff in
 
 Venegas
 
 signed a contingent fee agreement with his attorney providing that the attorney would represent him for a fee of 40 percent of the gross amount of any recovery. The contract also provided that any fee awarded by the court would be applied, dollar for dollar, to offset the contingent fee. The plaintiff was awarded damages for violation of his civil rights under 42 U.S.C. § 1983. The attorney then filed to recover attorney fees under § 1988 and the court complied. The plaintiff argued that the attorney was entitled to only the attorney fee award made under § 1988.
 

 The Supreme Court affirmed a ruling that § 1988 does not prevent a lawyer from collecting a reasonable fee provided for in a contingent fee contract even if it exceeds the statutory amount. It rejected the argument that § 1988 requires the trial court to invalidate a contingent fee agreement arrived at privately between attorney and client, saying that it had never held that § 1988 constrains the freedom of the civil rights plaintiff to |inbecome contractually and personally bound to pay an attorney a percentage of the recovery, if any, even though such a fee is larger than the statutory fee that the defendant must pay to the plaintiff. The Supreme Court stated:
 

 In sum, § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the “reasonable attorney’s fee” that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.
 

 In
 
 Venegas,
 
 because the contingent fee contract provided that, under the terms of
 
 *895
 
 the contingent fee contract, the statutory attorney fee award would be offset against the contingent fee amount, the court did not reach the issue as to whether an attorney could receive both the statutory award and the contingent fee amount.
 

 In deciding
 
 Venegas,
 
 the Supreme Court relied in part on the reasoning in
 
 Blanchard v. Bergeron,
 
 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). In
 
 Blanchard,
 
 the plaintiff successfully prosecuted a claim for violation of his rights under § 1983 arising from being beaten by a St. Martin Parish sheriffs deputy. The plaintiff received a damage award totaling $10,000 and an attorney fee award under § 1988 for $7,500. On appeal, the attorney fee award was lowered to $4,000 because the plaintiff had a contingent fee contract with his attorney for 40 percent of any damages awarded. The United States Supreme Court reversed that decision, holding that an attorney fee provided for in a contingent fee agreement is not a ceiling on the fees recoverable under § 1988.
 

 |nMs. Dowles argues that
 
 McCarroll v. Airport Shuttle, Inc.,
 
 2000-1123 (La.11/28/00), 773 So.2d 694, provides authority prohibiting the recovery of both the contingent fee contract amount and the statutory fee award. In
 
 McCarroll,
 
 the Louisiana Supreme Court considered the issue of whether an attorney in a state workers’ compensation case is entitled to
 
 both
 
 the attorney fees awarded to his successful client under La. R.S. 23:1201(F)
 
 and
 
 the fees that the employee had agreed to pay the attorney for services under the contingent fee contract. The supreme court concluded that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee’s attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation. The court noted that contingent fees are limited in workers’ compensation cases by La. R.S. 23:1141(B) because the employee’s recovery is low.
 
 [7]
 
 The court reasoned that the amount of attorney fees awarded is intended to provide full recovery, without statutory limitation, for attorney’s services and expenses in connection with the litigation. According to the court, if the attorney were allowed to collect the contractual attorney fees in addition toJjjthe full compensation awarded by the statutory attorney fees, the attorney would get double recovery (to the extent of the limited contractual fee) for his services, at the expense of his client.
 

 In contrast to
 
 McCarroll,
 
 the federal statute at issue in this case does not limit contingent fee contracts. Further, it does not specify that a statutory attorney fee award extinguishes all or part of the agreement between attorney and client. Therefore, the ruling of
 
 McCarroll
 
 is not controlling here to preclude recovery of both the contingent fee amount and the statutory fee award. In this case, the parties entered into a contingent fee contract similar to that in
 
 Gobert.
 
 Under
 
 *896
 
 federal case authority construing federal statutes governing the award of attorney fees, we find that, under the contingent fee contract in this case, Mr. Jones is entitled to both the contingent fee amount of 40 percent of Ms. Dowles’ damage award, as well as the statutory attorney fee award.
 

 Contingent Fee Contract
 

 The parties in this case had a contingent fee contract regarding the amount of attorney fees due to Mr. Jones. Interpretation of that contract is pertinent to the decision of this case. When Ms. Dowles employed Mr. Jones, they entered into an Attorney-Client Agreement which specified in pertinent part:
 

 In consideration for services rendered and to be rendered client agree(s) to pay attorney(s) a sum equal to thirty-five[sic] (35%) of any negotiated settlement providing there is no appeal; or judicial judgment providing no appeal is taken; or forty percent (40%) of any recovery obtained in said action if [sic] Judgment if there is an appeal to a higher court, for legal services rendered on the client’s behalf. Any award of attorney’s fees [ 1BshaIl be the sole property of attorney, exclusive of any award of client.
 

 La. R.S. 37:218, regarding contingent fee contracts, provides:
 

 A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
 

 B. The term “fee”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
 
 [8]
 

 Interpretation of contracts is governed by La. C.C. arts. 2045
 
 et seq.
 
 Interpreta
 
 *897
 
 tion of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and | ^explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. La. C.C. art. 2047. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. C.C. art. 2051. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. art. 2053. In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party. La. C.C. art. 2056.
 

 The parties in this case were free to enter into a contingent fee contract regarding Mr. Jones’ representation of Ms. Dowles. The contingent fee contract between the parties is valid and provides for a 40 percent attorney fee based upon any recovery obtained and specifies that any award of attorney fees is the attorney’s property, exclusive of any award to the client. Terming the statutory attorney fee as an element of Ms. Dowles’ damage award, as was done by the trial court, is contrary to the clear terms of the contract which provides that any attorney fee award is the sole property of the attorney, exclusive of any award to the client. Under |1Bthe terms of the agreement, the trial court erred in treating the attorney fee as an element of damages awarded to the plaintiff, adding that amount to the damage award, and then computing the contingency fee award on the total. Accordingly, we reverse the trial court judgment allocating fees in this manner.
 

 Reasonable Attorney Fee
 

 Finding that there is no prohibition to allowing the attorney to recover both the contingent fee amount and the statutory attorney fee award, we must examine the award to determine if it is reasonable. In
 
 Blanchard v. Bergeron, supra,
 
 the Supreme Court found that 42 U.S.C. § 1988 provides that the court, in its discretion, may allow a reasonable attorney fee to a successful litigant, but the section does not define “reasonable attorney fee.” The Court noted that the factors usually considered in determining a reasonable fee are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the “undesirability” of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Court went on to say that the initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a | ^reasonable hourly rate. This result is generally known as the “lodestar” amount.
 

 
 *898
 
 The Supreme Court in
 
 Blanchard
 
 found that a contingent fee contract was simply one factor to be considered in arriving at a reasonable fee and did not place a cap on the amount of the fee. The Court reasoned that 42 U.S.C. § 1988’s provision for allowing a “reasonable attorney fee” contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. The Supreme Court stated, “Should a fee arrangement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount. The defendant is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way.”
 

 The Louisiana State Bar Articles of Incorporation, Art. 16, Rules of Professional Conduct, Rule 1.5, regarding reasonable attorney fees, also requires consideration of the factors set forth in
 
 Blanchard v. Bergeron, supra.
 
 Rule 1.5 provides in pertinent part:
 

 (a)A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
 

 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 

 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 

 117(3) the fee customarily charged in the locality for similar legal services;
 

 (4)the amount involved and the results obtained;
 

 (5) the time limitations imposed by the client or by the circumstances;
 

 (6) the nature and length of the professional relationship with the client;
 

 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 

 (8) whether the fee is fixed or contingent.
 

 (b) The scope of the representation and the basis or rate of the fee and expenses for which £he client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.
 

 (c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by Paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client. A copy or duplicate original of the executed agreement shall be given to the client at the time of execution of the agreement. The contingency fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; the litigation and other expenses that are to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall
 
 *899
 
 provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.
 

 [[Image here]]
 

 |18We find that, limited to the facts of this case, the statutory attorney fee award and the contingent fee amount together constitute a reasonable attorney fee. This case concerned complex litigation under federal law and involved a jury trial which lasted several days. The matter obviously required a significant amount of time on the part of Mr. Jones. After receiving a favorable jury verdict, Mr. Jones defended the verdict on appeal on Ms. Dowles’ behalf and was successful in having the jury verdict doubled, as well as securing the statutorily mandated attorney fee award. Given these facts, an attorney fee award of $13,000, plus interest, is reasonable. The record contains nothing to indicate otherwise. Under these circumstances, the award of the amount due under the contingent fee contract as well as the statutory attorney fee award was reasonable.
 
 [9]
 

 CONCLUSION
 

 For the reasons stated above, we reverse the trial court judgment which determined the mandatory attorney fee awarded under federal statute 42 U.S.C. § 2617 to be an element of Ms. Dowles’ damage award, adding that amount to the damage award, and granting the attorney fee under the contingent fee contract on 40 percent of that amount. We find that, under the contingent fee contract between Ms. Dowles and Mr. Jones, and under the federal statute requiring an award of attorney fees, Mr. Jones is entitled | i9to recover both amounts. We render judgment ordering Ms. Dowles to pay Mr. Jones 40 percent of her damage award which is due under the contingent fee contract. We reject Mr. Jones’ claim for additional attorney fees on appeal. Costs in this court are assessed to Sandra Dowles.
 

 REVERSED AND RENDERED.
 

 [1]
 

 .
 
 Dowles v. ConAgra, Inc.,
 
 43,074 (La.App.2d Cir.3/26/08), 980 So.2d 180.
 

 [2]
 

 . Shortly thereafter, Pilgrim's Pride, the successor company of ConAgra, filed for bankruptcy under Chapter 11.
 

 [3]
 

 .
 
 Quint v. A.E. Staley Mfg. Co., supra,
 
 is not designated for publication in the Federal Reporter.
 

 [4]
 

 . 42 U.S.C. § 2000e-5(k) provides, in pertinent part:
 

 (k) Attorney's fee; liability of Commission and United States for costs
 

 In any action or proceeding under this sub-chapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 

 [5]
 

 . As stated above, the attorney fee statute at issue here, 29 U.S.C. § 2617 is based upon the FLSA and its attorney fee statute. We are aware of
 
 Harrington v. Empire Construction Company,
 
 (4th Cir.1948), 167 F.2d 389, decided under the FLSA, which provides that when a statutory attorney fee is awarded, the contingent fee between the plaintiff and his attorney is abrogated. However, the later Supreme Court case of
 
 Venegas v. Mitchell, infra,
 
 suggests that this view is erroneous.
 

 [6]
 

 . For violations of civil rights, 42 U.S.C. § 1988 provides in pertinent part:
 

 (b) Attorney’s fees
 

 In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 L42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.
 

 [7]
 

 . La. R.S. 23:1141(B) presently provides:
 

 B. The fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.
 

 At the time
 
 McCatroll
 
 was decided, the statute provided:
 

 B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first twenty thousand dollars and ten percent of the part of any award in excess of twenty thousand dollars.
 

 [8]
 

 . We reject the argument of Ms. Dowles that the contingent fee contract was null and void because it constituted the purchase of a litigious right which is prohibited under La. C.C. art. 2477. That statute provides:
 

 Officers of a court, such as judges, attorneys, clerks, and law enforcement agents, cannot purchase litigious rights under contestation in the jurisdiction of that court. The purchase of a litigious right by such an officer is null and makes the purchaser liable for all costs, interest, and damages.
 

 However, an attorney may acquire as his fee an interest in the subject matter of a suit of which he is employed. La. R.S. 37:218;
 
 Watson v. Cook,
 
 616 So.2d 803 (La.App. 2d Cir. 1993),
 
 writs denied,
 
 619 So.2d 579 (La.1993).
 

 [9]
 

 . Mr. Jones also requests additional attorney fees for prosecuting the appeal in this matter. He is not entitled to such recovery. Under Louisiana law, attorney fees are not allowed except where authorized by special statute or by contract.
 
 Shreveport Neon Signs, Inc. v. Williams,
 
 44,079 (La.App.2d Cir.2/25/09), 5 So.3d 977. In the present case, Mr. Jones filed pleadings against his former client to recover fees due to him based upon the contingent fee contract. Nothing in the contract requires Ms. Dowles to pay additional attorney fees to Mr. Jones for suing to recover the amounts due under the contingent fee contract. Further, there is no statute granting Mr. Jones the right to recover additional fees. Therefore, his request is denied.