# VENEGAS *v.* MITCHELL

No. 88–1725.　Argued February 21, 1990—Decided April 18, 1990

WHITE, J., delivered the opinion for a unanimous Court.

*Richard M. Mosk* argued the cause for petitioner. With him on the briefs was *Michael S. Bromberg.*

*Charles A. Miller* argued the cause for respondent. With him on the brief was *Bruce N. Kuhlik.* *

JUSTICE WHITE delivered the opinion of the Court.

Under 42 U. S. C. § 1988 (1982 ed.), a court may award a reasonable attorney's fee to the prevailing party in civil rights cases. We granted certiorari to resolve a conflict among the Courts of Appeals as to whether § 1988 invalidates contingent-fee contracts that would require a prevailing civil

---

*Guy T. Saperstein, John A. Powell, Paul L. Hoffman, E. Richard Larson,* and *Theodore Eisenberg* filed a brief for Saperstein & Seligman et al. as *amici curiae* urging affirmance.

rights plaintiff to pay his attorney more than the statutory award against the defendant.[1]

## I

This dispute arises out of an action brought by petitioner Venegas under 42 U. S. C. § 1983 (1982 ed.) in the United States District Court for the Central District of California, alleging that police officers of the city of Long Beach, California, falsely arrested Venegas and conspired to deny him a fair trial through the knowing presentation of perjured testimony. After an order of the District Court dismissing Venegas' complaint as barred by the statute of limitations was reversed by the Court of Appeals,[2] Venegas retained respondent Mitchell as his attorney. Venegas and Mitchell signed a contingent-fee contract providing that Mitchell would represent Venegas at trial for a fee of 40% of the gross amount of any recovery. The contract gave Mitchell "the right to apply for and collect any attorney fee award made by a court," App. to Brief in Opposition 3a, prohibited Venegas from waiving Mitchell's right to court-awarded attorney's fees, and allowed Mitchell's intervention to protect his interest in the the fee award. The contract also provided that any fee awarded by the court would be applied, dollar for dollar, to offset the contingent fee. The contract obligated Mitchell to provide his services for one trial only and stated that "[i]n the event there is a mistrial or an appeal, the parties may mutually agree upon terms and conditions of [Mitchell's] employment, but are not obligated to do so." *Id.*, at 1a.

---

[1] The Third, Eighth, and Ninth Circuits have held that civil rights plaintiffs may be required to pay their attorneys contingent fees exceeding a statutory award made under § 1988. *Sullivan* v. *Crown Paper Board Co.*, 719 F. 2d 667, 669–670 (CA3 1983); *Wilmington* v. *J. I. Case Co.*, 793 F. 2d 909, 923 (CA8 1986); *Venegas* v. *Skaggs*, 867 F. 2d 527 (CA9 1989). The Tenth Circuit has held that a § 1988 award places a ceiling on an attorney's permissible recovery under a contingent-fee agreement. *Cooper* v. *Singer*, 719 F. 2d 1496 (1983) (in banc).

[2] *Venegas* v. *Wagner*, 704 F. 2d 1144 (CA9 1983).

Venegas subsequently consented to the association of co-counsel with the understanding that co-counsel would share any contingent fee equally with Mitchell.

Venegas obtained a judgment in his favor of $2.08 million. Mitchell then moved for attorney's fees under § 1988, and on August 15, 1986, the District Court entered an order awarding Venegas $117,000 in attorney's fees, of which $75,000 was attributable to work done by Mitchell.[3]  The District Court calculated the award for Mitchell's work by multiplying a reasonable hourly rate by the number of hours Mitchell expended on the case, and then doubling this lodestar figure to reflect Mitchell's competent performance.   App. to Pet. for Cert. 28a.   Negotiations between attorney and client about the possibility of Mitchell's representing Venegas on appeal broke down, and on September 14, 1986, Mitchell signed a stipulation withdrawing as counsel of record.   Venegas obtained different counsel for the appeal.[4]

Mitchell then filed a motion for leave to intervene, which requested that the District Court confirm a lien on the judgment for the fees purportedly due him under the contingent-fee contract in the amount of $406,000.   The District Court held that Mitchell had not established his entitlement either to intervention as of right under Federal Rule of Civil Procedure 24(a)(2) or to permissive intervention under Rule 24(b)(2), primarily because the court could discern no connection between Mitchell's asserted rights under the fee contract and the substance of Venegas' civil rights action.   App. to Pet. for Cert. 23a.   The court went on to state its view, however, that the contract did not expressly provide for a lien and declined to decide whether the contract gave rise to an implied equitable lien on Venegas' recovery because the judgment had been stayed pending appeal.   The court remarked

---

[3] *Venegas* v. *Skaggs*, No. CV 77–4047–RJK (CD Cal., Aug. 14, 1986), pp. 5–7.

[4] The Court of Appeals subsequently affirmed the judgment.   *Venegas* v. *Wagner*, 831 F. 2d 1514 (CA9 1987).

that Mitchell could bring an action in state court to establish his lien, if and when the judgment for Venegas became final. *Id.*, at 26a. The District Court refused to disallow or reduce the contingent fee claimed by Mitchell, holding that in this case the fee contracted for was reasonable and not a windfall for the attorney. *Id.*, at 27a–29a.

On appeal, the Ninth Circuit ruled that the District Court had erred in denying Mitchell permissive intervention, 867 F. 2d 527, 531 (1989), but agreed, contrary to Venegas' submission, that § 1988 does not prevent the lawyer from collecting a reasonable fee provided for in a contingent-fee contract even if it exceeds the statutory award, *id.*, at 533. The Court of Appeals also agreed with the District Court that the fee provided for by the contract in this case was reasonable and not a mere windfall to Mitchell. Because the judgment in Venegas' favor had by that time been affirmed, the court remanded to the District Court to act on the merits of Mitchell's motion to confirm a lien on the recovery. We granted certiorari, 493 U. S. 806 (1989).

## II

Section 1988 states in pertinent part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The section by its terms authorized the trial court in this case to order the defendants to pay to Venegas, the prevailing party, a reasonable attorney's fee. The aim of the section, as our cases have explained, is to enable civil rights plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail. It is likely that in many, if not most, cases a lawyer will undertake a civil rights case on the express or implied promise of the plaintiff to pay the lawyer the statutory award, *i. e.*, a reasonable fee, if the case is won. But there is nothing in the section to regulate what plaintiffs

may or may not promise to pay their attorneys if they lose or if they win. Certainly § 1988 does not on its face prevent the plaintiff from promising an attorney a percentage of any money judgment that may be recovered. Nor has Venegas pointed to anything in the legislative history that persuades us that Congress intended § 1988 to limit civil rights plaintiffs' freedom to contract with their attorneys.

It is true that in construing § 1988, we have generally turned away from the contingent-fee model to the lodestar model of hours reasonably expended compensated at reasonable rates. See *Blanchard* v. *Bergeron*, 489 U. S. 87, 94 (1989); *Pennsylvania* v. *Delaware Valley Citizens' Council for Clean Air*, 478 U. S. 546, 564 (1986) *(Delaware Valley I)*; *Riverside* v. *Rivera*, 477 U. S. 561, 574 (1986) (plurality opinion); *Blum* v. *Stenson*, 465 U. S. 886, 897 (1984). We may also assume for the purposes of deciding this case that § 1988 would not have authorized the District Court to enhance the statutory award upward from the lodestar figure based on the contingency of nonrecovery in this particular litigation. See *Pennsylvania* v. *Delaware Valley Citizens' Council for Clean Air*, 483 U. S. 711, 726 (1987) (plurality opinion) *(Delaware Valley II); id.*, at 731 (O'CONNOR, J., concurring in part and concurring in judgment). But it is a mighty leap from these propositions to the conclusion that § 1988 also requires the District Court to invalidate a contingent-fee agreement arrived at privately between attorney and client. We have never held that § 1988 constrains the freedom of the civil rights plaintiff to become contractually and personally bound to pay an attorney a percentage of the recovery, if any, even though such a fee is larger than the statutory fee that the defendant must pay to the plaintiff.

Indeed, our cases look the other way. Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees. *Evans* v. *Jeff D.*, 475 U. S. 717, 730 (1986). Because it is the party, rather than the lawyer, who is so eligible, we have consistently maintained that fees may be

awarded under § 1988 even to those plaintiffs who did not need them to maintain their litigation, either because they were fortunate enough to be able to retain counsel on a fee-paying basis, *Blanchard* v. *Bergeron, supra,* at 94–95, or because they were represented free of charge by nonprofit legal aid organizations, *Blum* v. *Stenson, supra,* at 894–895. We have therefore accepted, at least implicitly, that statutory awards of fees can coexist with private fee arrangements. See also *Delaware Valley II,* 483 U. S., at 726 (plurality opinion); *id.,* at 749 (BLACKMUN, J., dissenting). And just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility. See *Evans* v. *Jeff D., supra,* at 730–731.

Much the same is true of the substance of a money judgment recovered under § 1983 (exclusive of fees awarded under § 1988), of which the contingent fee in this case is a part. A cause of action under § 1983 belongs "to the injured individua[l]," *Newton* v. *Rumery,* 480 U. S. 386, 395 (1987) (plurality opinion), and in at least some circumstances that individual's voluntary waiver of a § 1983 cause of action may be valid. *Id.,* at 398 (plurality opinion); *id.,* at 403 (O'CONNOR, J., concurring in part and concurring in judgment). If § 1983 plaintiffs may waive their causes of action entirely, there is little reason to believe that they may not assign part of their recovery to an attorney if they believe that the contingency arrangement will increase their likelihood of recovery. A contrary decision would place § 1983 plaintiffs in the peculiar position of being freer to negotiate with their adversaries than with their own attorneys.

Relying heavily on *Blanchard* v. *Bergeron, supra,* Venegas argues that if a contingent-fee agreement does not impose a ceiling on the amount of a "court awarded fee which would go to the attorney" (as he understands the holding of *Blanchard,* see Brief for Petitioner 9), such a fee agreement

should also be ignored for the benefit of the client so that he need pay only the statutory award. There are two difficulties with this argument. First, *Blanchard* did not address contractual obligations of plaintiffs to their attorneys; it dealt only with what the losing defendant must pay the plaintiff, whatever might be the substance of the contract between the plaintiff and the attorney. Second, we have already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff. See *Evans* v. *Jeff D., supra,* at 731–732.

Venegas also argues that because Congress provided for a reasonable fee to be paid by the defendant so that "a plaintiff's recovery will not be reduced by what he must pay his counsel," *Blanchard,* 489 U. S., at 94, the plaintiff should be protected from paying the attorney any more than the reasonable fee awarded by the trial court. Otherwise, Venegas contends, paying the contingent fee in full would greatly reduce his recovery and would impose a cost on him for enforcing the civil rights laws, a cost that the defendant should pay. This argument, too, is wide of the mark. *Blanchard* also noted that "[p]laintiffs who can afford to hire their own lawyers, as well as impecunious litigants, may take advantage" of § 1988. *Ibid.* Civil rights plaintiffs, if they prevail, will be entitled to an attorney's fee that Congress anticipated would enable them to secure reasonably competent counsel. If they take advantage of the system as Congress established it, they will avoid having their recovery reduced by contingent-fee agreements. But neither *Blanchard* nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award that they may collect from losing opponents. Indeed, depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further

§ 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

In sum, § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.

Venegas also argues that even if contingent fees exceeding statutory awards are not prohibited *per se* by § 1988, nonetheless the contingent fee in this case is unreasonable under federal and state law. Venegas made this contention to both lower courts, and both courts rejected it. We find no reason in the record or briefs to disturb their conclusion on this issue. We therefore have no occasion to address the extent of the federal courts' authority to supervise contingent fees.

For the foregoing reasons, the judgment of the Court of Appeals is

*Affirmed.*