**Fred B. JACKSON,**

**Pryor, Barry, Smith, and Karber, and Robert S. Blatt, Appellants,**

v.

**RHEEM MANUFACTURING COMPANY, Appellee.**

**Fred B. JACKSON, Appellant,**

v.

**RHEEM MANUFACTURING COMPANY, Appellee.**

**Nos. 89–1118, 89–1119.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1989.

Decided May 23, 1990.

Gregory T. Karber, Fort Smith, Ark., for appellants.

Hugo Swan, Jr., Fort Smith, Ark., for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

Fred B. Jackson is the prevailing party in this race discrimination case. The district court reinstated Jackson in his job, awarded him back pay, and also awarded him attorneys' fees based on the lodestar model under 42 U.S.C. § 2000e–5(k) (1982). These rulings are unchallenged. Instead, Jackson appeals from two postjudgment orders. Without conducting a hearing, the district court refused to enhance the lodestar in one order, and in the other order, the district court rejected Jackson's request to pay his lawyers a contingent fee in addition to the awarded fee. We reverse and remand for further proceedings.

On remand, the district court must conduct an evidentiary hearing and make factual findings on the issue of whether it was necessary for Jackson to employ his lawyers on a contingent basis to secure competent legal help. The sketchy record before us suggests Jackson had trouble convincing a lawyer to represent him. After eight lawyers and a legal aid organization rejected his case, Jackson filed a pro se complaint. When Jackson finally engaged the lawyers who represented him successfully at trial, they had "plenty of work ... at their hourly rates," and they were not induced to take Jackson's case on "[t]he contingent possibility of getting hourly fees." The lawyers agreed to represent Jackson only if they received his court-awarded fee and a percentage of his back pay recovery.

██ If Jackson is able to establish that "without an adjustment for risk [he] 'would have faced substantial difficulties in finding counsel in the local or other relevant market,'" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 733, 107 S.Ct. 3078, 3099, 97 L.Ed.2d 585 (1987) (O'Connor, J., concur-

ring in part and concurring in judgment) (quoting *id.* at 731, 107 S.Ct. at 3096), he may be entitled to an enhancement of the lodestar to the extent "necessary to bring the fee within the range that would attract competent counsel." *Id.* at 733, 107 S.Ct. at 3099 (O'Connor, J., concurring in part and concurring in judgment); *see also Gilbert v. City of Little Rock*, 867 F.2d 1063, 1068 (8th Cir.) (to the same effect), *cert. denied,* — U.S. ——, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989); *Catlett v. Missouri Highway & Transp. Comm'n,* 828 F.2d 1260, 1271 (8th Cir.1987) (to the same effect), *cert. denied,* 485 U.S. 1021, 108 S.Ct. 1574, 99 L.Ed.2d 889 (1988). Of course, Jackson has the burden of justifying his entitlement to an enhancement for the contingent nature of the litigation, *see Delaware Valley,* 483 U.S. at 733–34, 107 S.Ct. at 3099–3100 (O'Connor, J., concurring in part and concurring in judgment), and the matter of risk enhancement is left to the informed discretion of the district court, *see id.* at 728, 107 S.Ct. at 3095.

■ The district court must also reconsider Jackson's request to pay his lawyers a contingent fee based on a percentage of his back pay recovery. Despite our holding "that [an] award of fees under section 1988 should [not] circumscribe the amount attorneys may recover" under contingent fee arrangements with their clients, *Wilmington v. J.I. Case Co.,* 793 F.2d 909, 923–24 (8th Cir.1986), the district court concluded Jackson's fee agreement "allow[ed] double recovery for counsel by contract." We disagree. Section 2000e–5(k), like section 1988, does not "prevent [Jackson's lawyers] from collecting a reasonable [contingent] fee ... even if it exceeds the statutory award." *See Venegas v. Mitchell,* — U.S. ——, 110 S.Ct. 1679, 1682, 109 L.Ed.2d 74 (1990) (enforcing contingent fee contract under section 1988).

■ Although section 2000e–5(k) does not place a ceiling on what Jackson may pay his lawyers, *see id.* at ——, 110 S.Ct. at 1684, the district court has a supervisory obligation to assure that the award of fees is not "a windfall to already amply compensated attorneys." *Wilmington,* 793 F.2d

at 923. Thus, if the district court decides to enhance the lodestar, then the court should reduce Jackson's contingent fee obligation by the amount of the enhancement to avoid "the windfall problem." *Id.* at 923–24.

Accordingly, we reverse the district court's orders and remand the case for further proceedings consistent with this opinion.