918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald BRADLEY, Plaintiff,
Thomas I. Atkins, Jeanne Mirer, and Michael Barnhart,
Petitioners-Appellants,
v.
William G. MILLIKEN, et al., Board of Education of the
School Distirct of the City of Detroit,
Defendants-Appellees.
 No. 89-1986.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1990.
 
 Before MERRITT, Chief Circuit Judge, and RYAN and ALAN E. NORRIS, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 This case presents the question whether attorneys may seek and obtain an award of attorney fees, under 42 U.S.C. Sec. 1988, in their own name and in their own behalf. We hold that they may not and that such fees are awardable only to a prevailing party. Therefore, we shall affirm the district court's decision to deny plaintiffs' application for attorneys' fees.
 
 I.
 
 2
 This issue we address arises from more than twenty years of litigation over the State of Michigan's and the City of Detroit's policies regarding the racial composition of the Detroit school system. Plaintiffs, a class composed of Detroit school children and their parents, represented by the National Association for the Advancement of Colored People ("NAACP"), alleged that state and local officials had intentionally maintained segregated public schools in Detroit. Plaintiffs ultimately prevailed in their claim of intentional discrimination, see 345 F.Supp. 914 (E.D.Mich 1972), aff'd in part and rev'd in part, 484 F.2d 215 (6th Cir.1973) (en banc), aff'd in part, 418 U.S. 717 (1974), and succeeded in setting up a desegregation plan. See 540 F.2d 229 (6th Cir.1976) (en banc ), aff'd, 433 U.S. 267 (1977).
 
 
 3
 The dispute involves a claim for attorney fees sought under 42 U.S.C. Sec. 1988 brought by three attorneys who participated in various stages of the litigation. Thomas Atkins, who began working on the case in 1975, filed an application for an award of $157,465.20 for services rendered and $8,880.02 for costs incurred between 1984 and 1987. Jeanne Mirer and Michael Barnhart, who worked on the case beginning in 1984, filed applications for fees awards of $26,775 and $7,262.50, respectively. Ms. Mirer also sought costs of $1,433.59 for the period of 1984 through 1989. Mr. Atkins' service was performed in his capacity as counsel for the NAACP, a position he no longer holds. Ms. Mirer and Mr. Barnhart were local counsel assisting Mr. Adkins. The three plaintiffs are not presently counsel of record for the prevailing plaintiffs. The petition for fees and costs was brought in the name of the plaintiff attorneys and not in the name of the prevailing parties.
 
 
 4
 The district court conducted a hearing on the petitions and rejected the attorneys' applications because the applicants were attorneys, not parties to the suit, and because the attorneys had not shown that they sought the fees and costs on behalf of any prevailing party as required by 42 U.S.C. Sec. 1988. The court's order dismissing the action stated that the applications were denied "without prejudice." Moreover, the order provided that the petition for fees and costs must be filed in the name of the NAACP and the NAACP Special Contribution Fund by their current general counsel who represents the plaintiff class.
 
 II.
 A. Jurisdiction
 
 5
 As a threshold matter, we must decide whether the district court's order is appealable. This court's jurisdiction is limited to appeals from final decisions of the district courts. 28 U.S.C. Sec. 1291. A final order is one which disposes of all issues and leaves no questions to decide. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981).
 
 
 6
 Defendants argue that the district court's decision denying the attorneys' fees and costs is not appealable since it was entered "without prejudice." However, the statement "without prejudice" is mere surplussage and merely leaves open the possibility of the NAACP seeking attorneys' fees. The denial of fees and costs is final as to the plaintiffs in this action. Therefore, we hold that the district court's decision is a final judgment from which an appeal may be taken pursuant to 28 U.S.C. Sec. 1291.
 
 B. Denial of Attorneys' Fees
 
 7
 Section 1988 provides that "[i]n any action or proceeding to enforce a provision of [certain civil rights actions] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The United States Supreme Court has held that "Section 1988 makes the prevailing party eligible for a discretionary award of attorney's fees." Venegas v. Mitchell, 495 U.S. ----, 110 S.Ct. ----, 109 L.Ed.2d 74, 82 (1990)(citing Evans v. Jeff D., 475 U.S. 717, 730 (1986) (emphasis in original)). In holding that statutory fees awards may coexist with private fee arrangements, the Supreme Court noted that "it is the party, rather than the lawyer," who is eligible for fees under section 1988. Id. at 82-83.
 
 
 8
 Moreover, the Supreme Court noted in Evans that "the language of the Act, as well as its legislative history, indicates that Congress bestowed on the 'prevailing party' (generally plaintiffs) a statutory eligibility for a discretionary award of attorney's fees in specified civil rights actions." 475 U.S. at 730 (emphasis in original). In holding that a settlement of a civil rights case may be conditioned on a waiver of attorney's fees, the Court specifically stated that section 1988 did not bestow fee awards upon attorneys. Id. at 731.
 
 
 9
 Following Venegas and Evans, we hold that it is the prevailing party and not his attorney who is entitled to fees and costs under section 1988. Thus, Messrs. Atkins and Barnhart, and Ms. Mirer are not the proper parties to seek attorney's fees under section 1988. Having so concluded, we need not address the subsidiary issue whether these attorneys represent prevailing parties.
 
 III.
 
 10
 The district court's decision denying plaintiffs' applications for attorneys' fees is AFFIRMED.