UNITED STATES of America, et al., Plaintiffs,

v.

GENERAL ELECTRIC, Defendant.

No. C–1–90–792.

United States District Court, S.D. Ohio, W.D.

Dec. 4, 1992.

4. See *Gravitt v. General Electric,* 680 F.Supp. 1162 (S.D. Ohio 1988).

Gerald Kaminski, Cincinnati, OH, John Phillips, Los Angeles, CA, James Helmer, Cincinnati, OH, for plaintiffs.

John Beatty, Cincinnati, OH, Roger Whitten, DC, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court pursuant to 31 U.S.C. § 3730(d):

> Any such person [qui tam plaintiff] shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.

Evidence and testimony was presented to the Court on November 30, 1992 and December 1, 1992.

The phrase "reasonable attorney fees" has been defined by the United States Court of Appeals for the Sixth Circuit in *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979). In *Northcross*, the Sixth Circuit followed other circuits in determining a "lodestar" rate, which is composed of the number of hours reasonably expended times a reasonable hourly rate. To that determination, a "multiplier" may be added. In this matter the parties have stipulated that the result of this calculation amounts to $2,416,464.75 (Doc. 123, Ex. A) in fees, plus $221,513.99 (Doc. 123, Ex. G) in expenses.

■ General Electric argues, among other things, that counsel Hall & Phillips will receive an unconscionable rate of compensation in this matter. General Electric points out that the relator, Mr. Walsh, has entered into a contingent fee contract with counsel whereby counsel will receive 25 percent of the Court's award to Mr. Walsh. Hall & Phillips stands to collect some 80 to 85 percent of that contingent fee as its share thereof, in addition to nearly $1.8 million requested as its statutory fee. The total of the contingent and statutory fee figures does appear to be an extraordinarily high rate of compensation for legal services.

The Court, however, is impaled on the horns of a legal dilemma. Mr. Walsh has a right to dispose of his award in any fashion he wishes. He may save it, invest it, give it away or engage in transactions which General Electric and the Court both might feel to be imprudent. The question of Mr. Walsh's wisdom in disposing of an award, however, is not a matter which this Court may consider. If the Court reduces the overall award simply to reduce the contingent attorney fees, it will not inure to the benefit of General Electric. All that will be accomplished is that the funds retained on hand will be divided between Mr. Walsh and the United States in a somewhat different fashion.

The other horn of the dilemma occurs from a reading of § 3730(d). The language is specific and mandatory. If, in accordance with the statute, the "person shall receive ... reasonable attorney's fees," and if the defendant, General Electric, has agreed to what in this circuit is the standard for reasonable attorney fees, the Court has no apparent choice.

This is a matter for Congressional inquiry, or perhaps a determination by an appellate court. The Court does note in passing that in the case of *Venegas v. Mitchell*, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990), the Supreme Court of the United States found no fault with attorneys receiving both a contingent fee and court-awarded attorney fees. In that case, the Court was considering 42 U.S.C. § 1988, which provides for a discretionary award. Here, the award is mandatory and the Court is denied any choice. In the absence of any other controlling authority, this Court can only invite General Electric to present this matter to the United States Court of Ap-

peals for the Sixth Circuit and perhaps thereby instruct district courts on how to proceed in these circumstances.

■ Among General Electric's numerous other arguments for reducing the fee award to relator's counsel, there is one that the Court finds persuasive. General Electric should not be obliged to pay attorney's fees for time expended on matters not directly related to the litigation against it. Such inappropriate fees include time devoted to obtaining immunity for Mr. Walsh, providing testimony before Congress, and addressing members of the media. The parties have agreed that the total fee claimed for those items is $46,353.50. (Doc. 125, p. 21). The Court therefore finds that the award should be reduced by that amount.

In accordance with the foregoing and pursuant to 31 U.S.C. § 3730(d), counsel for the qui tam plaintiff hereby are awarded $2,370,111.25 as attorney fees, and $221,513.99 as costs in full, as required by such section. Such sums shall be paid by the General Electric Company.

IT IS SO ORDERED.