Joyce Lynne ALLEN, Plaintiff,

and

Michael James Allen, Plaintiff–Appellee;

Jeff Price, Intervenor–Appellant,

v.

CITY OF PORTLAND; George E. Fort, Officer, Defendants–Appellees,

and

D. George Walker, Defendant.

No. 00–35877.

D.C. No. CV–91–963–OMP.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2001.*

Decided Jan. 7, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a).

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM **

Intervenor–Appellant Jeff Price, the former attorney for Plaintiff Joyce Lynn Allen, appeals the district court's denial of an award of attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the district court for further proceedings.

Price was Allen's attorney during the original trial of her § 1983 claims, but Price withdrew after a jury verdict for the defendants. Allen appealed pro se. This court concluded that she had been arrested without probable cause as a matter of law.[1] On remand, Allen retained new counsel and successfully sought an award of attorney's fees. Price filed notices of claim of a statutory attorney's lien and a contractual lien against any judgment or settlement for Allen, moved to intervene, and moved for an award of attorney's fees under 42 U.S.C. § 1988. The district court awarded fees to Allen's new attorneys but not to Price, concluding that he had no standing under § 1988. Price appealed this ruling, and we affirmed.[2]

Allen and the defendants eventually settled, and the district court entered a judgment disbursing the settlement money to Allen and her new counsel, but denying Price any portion of the judgment. Price moved to have the judgment amended, arguing that the district court disposed of his statutory and contractual lien claims

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Allen v. City of Portland,* 73 F.3d 232, 238 (9th Cir.1995).

2. *Allen v. City of Portland,* 210 F.3d 381 (9th Cir.2000) (mem.).

without affording him an opportunity for a hearing, in violation of due process. The district court denied Price's motion after concluding that, under the law of the case, he lacked standing for any award of attorney's fees. The district court also concluded that Price's motion was not filed within ten days of the entry of judgment as required by Rule 59(e) of the Federal Rules of Civil Procedure.

■ The district court erred in denying Price's motion. First, Price's motion was timely. Rule 6(a) of the Federal rules of Civil Procedure provides that weekends do not count when computing time periods of less than eleven days,[3] and Price filed his motion nine days after the entry of judgment if weekend days are disregarded.

■ Second, Price's lack of standing under § 1988 does not control his statutory and contractual lien claims. Price's lien claims arose from a private contingent fee agreement between Allen and Price, and § 1988 "does not interfere with the enforceability of a contingent-fee contract."[4] Thus, Price's lack of standing under § 1988 did not mean that he also lacked standing to pursue his lien claims. Accordingly, the district court should have reached the merits of those claims.

The district court's order denying Price's motion to amend the judgment is REVERSED, and the case is REMANDED to the district court to rule on the merits of Price's statutory and contractual lien claims.

REVERSED and REMANDED.

---

3.  *See* Fed.R.Civ.P. 6(a).

4.  *Venegas v. Mitchell*, 495 U.S. 82, 90, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990).