UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BETH M. NORDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-1232 (RMC)** |
| | ) | |
| **G. WAYNE CLOUGH, Secretary,** | ) | |
| **Smithsonian Institution,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Dr. Beth M. Norden won partial summary judgment against the Smithsonian Institution for its violations of her rights under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. The parties settled her claims before a trial on damages. Pending before the Court is Dr. Norden's motion for attorneys' fees [Dkt. # 83]. For the reasons explained herein, the motion will be granted in part and denied in part.

**I. FACTS**

Dr. Norden contracted Dengue Hemorraghic Fever in 2000 while traveling in Brazil on the business of her employer, the Smithsonian Institution. The disease nearly killed her and has left her with the permanent presence of dengue antibodies that cause her to suffer from continuing physical and mental ailments. After years of recovery and unsuccessful efforts to return to work part time, in late 2003 Dr. Norden's doctors assured the Smithsonian that she could work a full 40-hour

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), G. Wayne Clough is substituted as Secretary for his predecessor, Lawrence M. Small, Secretary of the Smithsonian Institution.

week if she received proper accommodations. In response, the Smithsonian Institution conditioned Dr. Norden's return to work on retaliatory and illegal terms and, when she asked for better accommodations for her genuine disability, it fired her.

On August 3, 2007, the Court granted partial summary judgment to Dr. Norden, finding that the Smithsonian Institution violated the Rehabilitation Act when it failed and refused to return Dr. Norden to work in 2004 and discharged her. *See* August 3, 2007 Mem. Op. & Order [Dkt. ## 38 & 39]. The matter was set for trial on damages after mediation failed. However, the matter never went to trial because Dr. Norden accepted Defendant's offer of judgment in the amount of $800,000, excluding costs and reasonable attorneys' fees. *See* April 9, 2009 Notice of Acceptance of Offer of Judgment [Dkt. # 80]. Pursuant to Federal Rule of Civil Procedure 68(a), the Clerk of Court entered an $800,000 judgment for Dr. Norden and against Defendant. *See* April 16, 2009 Judgment on Offer and Acceptance [Dkt. # 81]. The Clerk taxed Defendant $3,699 in costs. *See* August 3, 2009 Bill of Costs as Taxed [Dkt. # 98]. Dr. Norden seeks $1,636,834.20 in attorneys' fees, *see* Dkt. # 83, which Defendant opposes, *see* Dkt. # 101.

## II. LEGAL STANDARDS

The Rehabilitation Act provides: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).[2] "The usual method of calculating reasonable attorneys' fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount."

---

[2] "[C]ase law construing what constitutes a 'reasonable' fee applies uniformly across federal fee-shifting statutes that employ this language." *Miller v. Holzmann*, 575 F. Supp. 2d 2, 11 n.18 (D.D.C. 2008).

*Bd. of Trs. of Hotel & Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). "This amount may then be adjusted by a multiplier 'in certain 'rare' and 'exceptional' cases,' although there is a 'strong presumption that the lodestar figure . . . represents a 'reasonable' fee.'" *Id.* (quoting *Delaware Valley*, 478 U.S. at 565). The "lodestar" approach to fee awards was established by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and is the approach followed by the federal courts in most fee award disputes. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) ("Thus, the lodestar method today holds sway in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in the litigation."). Federal courts rely on the lodestar method to calculate fees without regard to whether the award would exceed a contingent-fee agreement between client and counsel. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989); *see also Venegas v. Mitchell*, 495 U.S. 82 , 87 (1990). The fee applicant bears the burden of demonstrating that the claimed rate and number of hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

## III. ANALYSIS

Defendant argues that no fees are owed because Dr. Norden's counsel failed to keep contemporaneous records of the hours they spent working on this litigation. This Circuit "require[s] that fee applications include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989). "Casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees. Attorneys who anticipate making a fee application *must* maintain contemporaneous, complete and standardized time records which

accurately reflect the work done by each attorney." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) (emphasis added). "This requirement is particularly apt when the fee requirements will be satisfied from the United States Treasury" because a court "must strictly construe a waiver of sovereign immunity." *In re Donovan*, 877 F.2d at 994.

The Court agrees that "it is evident from the record that counsel for Plaintiff failed to maintain and produce 'contemporaneous, complete and standardized time records' to support their assertions as to the time spent on this matter." Def.'s Opp'n to Mot. for Att'y Fees [Dkt. # 101] at 18 (quoting *Concerned Veterans*, 675 F.2d at 1327). The records submitted by Dr. Norden's counsel appear to be "[c]asual after-the-fact estimates" of time spent on this litigation, not "contemporaneous, complete and standardized time records." *Concerned Veterans*, 675 F.2d at 1327. Dr. Norden's counsel admit that neither kept "raw data" records. *See* Pl.s' Opp'n to Mot. to Compel [Dkt. # 97] at 4-5.[3] That Dr. Norden's counsel failed to keep contemporaneous records is confirmed by the discrepancies between the hours claimed in the mediation statement and the instant motion. *See* Def.'s Opp'n, Ex. 6 (chart showing entries on fee petition that differ from the mediation fee request). Given counsel's loose record-keeping practices, the Court "cannot begin to evaluate the reasonableness of the attorney time expended" under the lodestar method.[4] *In re North*, 32 F.3d 607, 608 (D.C. Cir. 1994).

---

[3] Counsel assert that "[w]e draft our bills at the time service was rendered and/or our bills are based upon, supported by, and/or cross-checked against the backup and saved specific documents such as emails, documents, correspondence, and pleadings to assure their completeness, accuracy and reasonableness, and finally, we cross-check and cross-reference the bills between co-counsel to also assure their completeness, accuracy and reasonableness." Pl.'s Opp'n to Mot. to Compel at 5. The Court interprets this to mean that contemporaneous records were not kept at all times.

[4] Inasmuch as this matter settled before trial and Dr. Norden only won partial summary judgment, the total number of hours claimed appears to be excessive.

While counsel's failure to maintain contemporaneous records precludes them from recovering under the lodestar method, "[t]otal denial of requested fees as a purely prophylactic measure . . . is a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances." *Jordan v. U.S. Dep't of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982). "Outright denial may be justified when the party seeking fees declines to proffer any substantiation in the form of affidavits, timesheets or the like, or when the application is grossly and intolerably exaggerated, or manifestly filed in bad faith." *Id.* Whereas here counsel merely failed to keep contemporaneous records, it would be unjust to preclude them from recovering any fees at all.

"In this Circuit, 'an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Miller*, 575 F. Supp. 2d at 11-12 (D.D.C. 2008) (quoting *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)); *see also Cobell v. Norton*, 231 F. Supp. 2d 295, 302-03 (D.D.C. 2002) ("'There is no better indication of what the market will bear than what the lawyer in fact charges for his services and what his clients pay.'") (quoting *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001)). Dr. Norden's counsel customarily charge their clients on a contingency fee basis. *See* Pl.'s Mem. in Supp. of Mot. for Att'y Fees [Dkt. # 83], Ex.3 (Decl. of Vicki I. Fang) ¶ 8 ("The complex federal cases we take are prosecuted either entirely on a contingency fee basis, or with a contingency fee and a significantly reduced hourly payment, i.e., a token payment."); *id.*, Ex. 4 (Decl. of Alex Sliheet) ¶ 1 ("100% of my cases are taken on a contingency basis, including this case."). While ordinarily "a contingent-fee contract does not impose an automatic ceiling on an award of attorney's

fees," *Blanchard*, 489 U.S. at 93, in the circumstances of this case, where a lodestar amount cannot be calculated due to counsel's failure to keep contemporaneous records, the Court finds that the contingency fee is the closest proxy to a "reasonable" fee. Accordingly, the Court will order Defendant to pay Dr. Norden 40% of $800,000, or $320,000.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Dr. Norden's motion for attorneys' fees [Dkt. # 83]. The Court will order Defendant to pay Dr. Norden $320,000. A memorializing Order accompanies this Memorandum Opinion.


Date: December 11, 2009                                         /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge

---

[5] Because the plaintiff won partial summary judgment, a result the Court characterized as "rare," *see* August 3, 2007 Memorandum Opinion [Dkt. # 38] at 1, Dr. Norden's counsel seeks "an enhancement of the lodestar by a factor of two." Pl.'s Mem. at 44. They attribute this result to the superior quality of their representation. *See id.* at 43. No enhancement is warranted because the result was not so much attributable to counsel's representation as it was to the facts of the case.