**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA BARRIOS,

              Plaintiff - Appellant,

   v.

DIAMOND CONTRACT SERVICES,
INC.,

              Defendant - Appellee.

No. 09-55603

D.C. No. 2:07-cv-03500-R-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

    Appellant Maria Barrios was a prevailing plaintiff in an action brought under

Title VII and California's Fair Employment and Housing Act.  Barrios appeals the

denial of statutory attorney's fees and partial denial of costs. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to 28 U.S.C. § 1291. We reverse and remand to a new district court judge for a proper fee calculation.

"We review the award or denial of attorney's fees for abuse of discretion . . . ." *Coal. for Clean Air v. S. Cal. Edison Co.*, 971 F.2d 219, 229 (9th Cir. 1992). "We will reverse if the district court misperceives or misapplies the law governing fee awards." *Id.*

1. In Title VII cases, a prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). The district court abused its discretion when it determined that special circumstances justified a complete denial of attorney's fees. The contingency fee agreement between Barrios and her counsel was not a special circumstance. Attorney's fees under Title VII belong to the party, and Title VII's fee-shifting provision does not "regulate what plaintiffs may or may not promise to pay their attorneys if they lose or if they win." *Venegas v. Mitchell*, 495 U.S. 82, 86–87 (1990).[1] The "ultimate disposition" of the fee award is "dependent on the contract between the lawyer and the client." *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999); *see also* Los Angeles Cnty. Bar

---

[1] Cases interpreting 42 U.S.C. § 1988 also apply to Title VII's fee-shifting provision. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1541 n.1 (9th Cir. 1992).

Assoc., Prof'l Resp. & Ethics Comm., Op. 523 (2009) (concluding that a similar fee arrangement did not violate the California Rules of Professional Conduct). The district court's other concerns — including whether the hours billed were reasonable, whether counsel's billing records were adequate, and whether Barrios achieved limited success on the merits — should have been subsumed in a lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433–35 (1983); *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1128–29 (9th Cir. 2008); *Morales v. City of San Rafael*, 96 F.3d 359, 363–65 (9th Cir. 1996); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 486 (9th Cir. 1988).

2.      The district court also misapplied the law when it determined that Barrios was not entitled to any fees or costs after Diamond Contract Services made a Rule 68 offer of judgment. The district court should have compared the offer of judgment to the jury verdict *plus* Barrios's reasonable attorney's fees and costs incurred at the time the Rule 68 offer was made. *Corder v. Gates*, 947 F.2d 374, 380 n.9 (9th Cir. 1991).

3.      We instruct the Chief Judge for the Central District of California to reassign this case to a different district judge on remand. Our supervisory powers under 28 U.S.C. § 2106 permit us to reassign cases on remand when "unusual circumstances" are present. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d

1102, 1118 (9th Cir. 2001). Reassignment is warranted here because the judge may "have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous," making "reassignment . . . advisable to preserve the appearance of justice." *Id.* (quoting *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)). Given the limited scope of an attorney's fees determination, any minimal potential for waste or duplication is outweighed by the need to preserve the appearance of fairness. *Id.* at 1118–19.

REVERSED and REMANDED for a proper fee calculation before a different district court judge.