HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusions in Parts II.B and II.C that the district court did not err in its determination of the reasonable attorney hourly rate, but did appear to err when it made the award payable to the law firm rather than Plaintiff Ohio Right to Life Society, Inc. (ORTL).[1] I dissent from the majority’s conclusion in Part II.A that although the district court provided “a sufficient justification for reducing [ORTL]’s requested hours in light of [its] limited success and [its] attorneys’ billing deficiencies,” the *607 “magnitude ” of the district court’s 85% reduction requires “greater justification.” Maj. Op. 604-07 (emphasis in original). I find sufficient justification in the record and would affirm the amount of the award.
I.
“‘[T]he most critical factor’ governing the reasonableness of a fee award ‘is the degree of success obtained.’ ” Waldo v. Consumers Energy Co., 726 F.3d 802, 822 (6th Cir.2013) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Where “a plaintiff obtains ‘limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.’ ” Isabel v. City of Memphis, 404 F.3d 404, 416 (6th Cir.2005) (quoting Hensley, 461 U.S. at 435, 103 S.Ct. 1933). A district court may simply reduce the award to account for the limited success, or it may eliminate the excessive hours; the approach the court chooses is within its discretion. Hensley, 461 U.S. at 436-37, 103 S.Ct. 1933; see also Auto Alliance Int'l, Inc. v. U.S. Customs Serv., 155 Fed.Appx. 226, 228 (6th Cir.2005) (citing Coulter v. Tennessee, 805 F.2d 146, 152 (6th Cir.1986) (holding that a district court may apply an across-the-board reduction based on “excessive or duplicative hours” and approving a 50% across-the-board reduction where “duplication of effort is a serious problem”)). Given that the district court’s conclusion that ORTL achieved limited success is unassailable (ORTL prevailed on two unopposed claims), the court’s award is entitled to “substantial deference.” United Steel v. Kelsey-Hayes Co., 750 F.3d 546, 560 (6th Cir.2014) (quoting Imwalle v. Reliance Med. Prod., Inc., 515 F.3d 531, 551 (6th Cir.2008)). I would affirm on this basis alone.
II.
I do not agree that the district court failed to provide “a sufficient basis for a reduction of this magnitude.” Maj. Op. 604. The magistrate judge’s (MJ) forty-seven page report and recommendation provides clear and detailed explanations of the reasons for the recommended reduction. Cf. Hensley, 461 U.S. at 437, 103 S.Ct. 1933 (emphasizing that a district court should “provide a concise but clear explanation of its reasons for the fee award”). The reduction is based on three findings: (1) the total number of hours ORTL’s counsel spent was not reasonable in relation to ORTL’s limited success; (2) ORTL’s counsel failed to exercise billing judgment by claiming unnecessary, excessive, and inappropriate hours; and (3) ORTL’s counsel failed to submit adequate fee documentation. See Ohio Right to Life Soc’y, Inc. v. Ohio Elections Comm’n (“ORTL ”), No. 2:08-CV-492, 2013 WL 5728255, at *23 (S.D.Ohio Oct. 22, 2013). These findings are not clearly erroneous. Although the majority appears to agree, it finds the explanation inadequate in light of ORTL’s at least limited success. But it is undisputed that ORTL’s limited success was achieved in two uncontested proceedings.
Additionally, the majority suggests it could have affirmed portions of the award had the district court “articulatefd] what portion of the reduction was associated with the Plaintiffs limited success, lack of billing judgment, and inadequate billing documentation, respectively.” Maj. Op. 605. The MJ’s report states: “The Undersigned’s recommendation that the Court apply a ninety-percent reduction to the hours requested is not premised upon the consideration of Plaintiffs limited success alone. Rather, this recommendation is equally attributable [to] the Undersigned’s finding that Plaintiffs counsel *608 failed to properly exercise billing judgment and adequately document time expended.ORTL, 2013 WL 5728255, at *16 (emphasis added). Despite this explanation, the majority does not perform the review it suggests it would have conducted had the district court proffered the explanation. I conclude the explanation provided was adequate.
Further, the MJ’s finding that the total number of hours ORTL’s counsel spent on the litigation was excessive in relation to ORTL’s limited success is inextricably intertwined with the finding of numerous billing errors. Id. at *10. The exercise of billing judgment requires counsel to exclude from its fee petition hours that are “‘excessive, redundant, or otherwise unnecessary.’ ” Binta B. ex rel. S.A. v. Gordon, 710 F.3d 608, 628 (6th Cir.2013) (quoting Hensley, 461 U.S. at 434, 103 S.Ct. 1933). This means counsel “should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims,” so that the court can independently determine whether the applicant’s claimed hours are reasonable in relation to the success achieved. Hensley, 461 U.S. at 437, 103 S.Ct. 1933.
ORTL’s counsel failed to exclude from the fee request the hours spent on ORTL’s unsuccessful claims, leaving the task for the court. But as the MJ found, it was “impossible ... to ascertain the number of hours [ORTLj’s counsel expended on the successful claims due to counsel’s practice of lumping billing entries and utilizing vague descriptions.” ORTL, 2013 WL 5728255, at *16; cf. Sykes v. Anderson, 419 Fed.Appx. 615, 618 (6th Cir.2011) (affirming 25% reduction in case where “the district court found it too difficult to address each item [in the fee documentation] individually”). In other words, counsel’s inadequate billing records precluded the court from determining which hours in the fee petition were excessive in relation to the results obtained. See ORTL, 2013 WL 5728255, at *19. The district court did not abuse its discretion by applying the 85% across-the-board reduction. See Hensley, 461 U.S. at 436-37, 103 S.Ct. 1933 (holding that district court “may simply reduce the award to account for the limited success”).

. The record does not establish that ORTL "waive[d], settle[d], or negotiate[d],” or otherwise assigned, its fee claim. See Venegas v. Mitchell, 495 U.S. 82, 88, 110 S.Ct. 1679, 109 L.Ed.2d 74(1990).