NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL HAGGART, KATHY HAGGART, HUSBAND AND WIFE, FOR THEMSELVES AND AS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS, GORDON ARTHUR WOODLEY, PERSONAL COUNSEL FOR KITTINGER DEED CLAIMANTS, DENISE LYNN WOODLEY, WESTPOINT PROPERTIES, LLC, C/O FARAMARZ GHODDOUSSI, CLEVELAND SQUARE, LLC, RC TC MERIDIAN RIDGE, LLC, TWOSONS LLC, GRETCHEN CHAMBERS, WILLIAM AMES, DENNIS J. CRISPIN, DEBLOIS PROPERTIES, LLC, C/O DAVID AND DEBRA DEBLOIS, MICHAEL B. JACOBSEN, FRANCES JANE LEE, SUSAN B. LONG, CLAUDIA MANSFIELD, FREDERICK P. MILLER, SUSAN L. MILLER, PBI ENTERPRISES, LLC, MICHAEL G. RUSSELL, ELANA RUSSELL, JAMES M. SATHER, KELLY J. SATHER, JAMES E. STRANG, D. MICHAEL YOUNG, JULIA H. YOUNG, MOLLY A. JACOBSEN, LESLIE MILSTEIN, ALISON L. WEBB, PATRICIA STRANG,**
*Plaintiffs*

**STAR L. EVANS,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1658

———————————

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-00103-CFL, Senior Judge Charles F. Lettow.

———————————

Decided:  May 5, 2022

———————————

STAR EVANS, Bellevue, WA, pro se.

BRIAN C. TOTH, Environmental and Natural Resources
Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JEAN
E. WILLIAMS.

———————————

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Star Evans, a class member in this rails-to-trails takings case, appeals a judgment of the Court of Federal
Claims ("Claims Court") awarding legal fees and costs under the Uniform Relocation Assistance and Real Property
Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c).  The
gravamen of her argument is that class counsel improperly
reduced her recovery based on a contingent fee agreement.
For the reasons below, we affirm the judgment with respect
to the issues Ms. Evans raises.

BACKGROUND

The procedural history of this class action is extensive,
involving numerous reported opinions from the Claims
Court and two from this court.  *E.g.*, *Haggart v. United
States*, 116 Fed. Cl. 131 (2014) ("*Haggart I*"), *vacated and
remanded sub nom. Haggart v. Woodley*, 809 F.3d 1336

(Fed. Cir. 2016) ("*Haggart II*"); *Haggart v. United States*, 136 Fed. Cl. 70 (2018) ("*Haggart III*"), *aff'd*, 943 F.3d 943 (Fed. Cir. 2019) ("*Haggart IV*"); *Haggart v. United States*, 149 Fed. Cl. 651 (2020) ("*Haggart V*"), *amended in part on reconsideration*, *Haggart v. United States*, 151 Fed. Cl. 58 (2020) ("*Haggart VI*"). We briefly recount the portions of that saga relevant here.

In 2009, Daniel and Kathy Haggart sued the government for violating the Fifth Amendment. *Haggart II*, 809 F.3d at 1341. The government, they argued, took their private property for public use without just compensation when it converted a stretch of railroad corridor in the State of Washington to a public trail pursuant to Section 208 of the National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d). *Id.* at 1340–41. Later that year, the Claims Court certified a class that, by the end of summary-judgment proceedings, consisted of 253 members. *Id.* at 1341. Although the Claims Court in 2014 approved a settlement in the amount of $110 million with interest compounding at 4.2%, *id.* at 1342, we vacated its decision because it erred in "approving a settlement agreement where class counsel withheld critical information" and in awarding class counsel additional fees under the common-fund doctrine, which, we held, the URA precluded, *id.* at 1351, 1359.

The case returned to the Claims Court, where the government objected to the settlement agreement because, among other reasons, contingent fee agreements signed by some of the class members rendered it unfair. U.S. Appx. 164.[1] Around the same time, certain class members moved to substitute counsel—indicating, among other things, that they intended "at an appropriate juncture" to challenge the validity of those contingent fee

---

[1]    U.S. Appx. refers to the appendix submitted by the government in this appeal.

agreements. U.S. Appx. 139. Ms. Evans, a member of that group, stated through counsel that she "approve[d] of the settlement fully" but would "continue[] to retain her right to challenge [her] contingent-fee agreement" and that "whether or not she has to share any of her portion of the settlement with class counsel is a matter for another day, a matter of private contract," such that there was "no basis to challenge the fairness of [the] settlement on the basis of a potential dispute over the enforceability of a contingent-fee agreement." U.S. Appx. 180.

Eventually, the Claims Court approved the settlement agreement again. It entered partial final judgment "in the total amount of $159,636,521.65, consisting of $110,000,000 in principal and $49,636,521.65 in interest," and it deferred a determination of the amount of attorney fees and costs. *Haggart III*, 136 Fed. Cl. at 81. In doing so, it ordered that "[t]he judgment is payable to class counsel for distribution to the class according to the terms of the Settlement Agreement and this opinion and order." *Id.* Along the way, it concluded that the "contingent fee agreements are private contracts that do not directly affect the government's payment of the settlement award." *Id.* at 78. Rather, the Claims Court opined, it "reviews contingent fee agreements only in the context of fairness to the class" and, in this case, the agreements were "reasonable." *Id.* at 78, 80. In so concluding, the Claims Court cited class members' "approval of the fee arrangements" and their "concern that class counsel has not been paid despite eight years of work." *Id.* at 80 ("The sentiment among class members in attendance was not that class counsel would be overpaid or that the class members were being treated unfairly, but rather that the government was seeking to use the issue of contingent fee agreements to stall and work against class members' interests."). The government appealed, and we affirmed. *Haggart IV*, 943 F.3d at 952.

The case returned again to the Claims Court, which entertained motions for attorneys' fees incurred to enforce

and defend the settlement agreement. Some class members (Ms. Evans included) contended that the URA required the government to reimburse them for fees retained by counsel under contingent fee agreements. U.S. Appx. 195–96. They also asked the court to "set a briefing schedule to determine the validity of the contingency fee agreements." U.S. Appx. 196. In support, they submitted a declaration from Ms. Evans, stating:

> At the beginning of this case, [class counsel] Thomas Stewart encouraged me to sign a contingency fee agreement. I did not know I could be part of the class without signing a contingent fee agreement, or that other members of the class had not signed a contingent fee agreement. Had I known, I would not have signed a contingency fee agreement. Mr. Stewart did not inform me that there was a statutory basis for the Court to award attorneys' fees that would fully compensate [c]lass [c]ounsel without reducing my recovery. Had I known that, I would not have signed a contingency fee agreement. I believe the United States should pay all attorneys' fees and costs incurred in this matter, whether hourly or contingency fee so that my recovery is not reduced and I am made whole.

U.S. Appx. 197 (paragraph formatting normalized). Later, after receiving her settlement check from class counsel, Ms. Evans submitted a supplemental declaration stating: "Class [c]ounsel deducted a contingency fee from my settlement payment, although I do not know the exact dollar amount of the fees he retained." U.S. Appx. 202.

Without reaching the validity of the contingent fee agreements, Informal Br. 1[2]; Appellee's Br. 16, the Claims Court entered final judgment awarding legal fees and costs (calculated via the lodestar method), including $2,389,527.13 for class counsel's law firm Stewart Wald. *Haggart V*, 149 Fed. Cl. at 666. Ms. Evans appeals.[3] We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

First, Ms. Evans asserts that the government should have paid her share of the settlement to her directly, rather than through class counsel. Informal Br. 2, 4. But as the government notes, payment through counsel is just what the Claims Court ordered in *Haggart III*: "The judgment is payable to class counsel for distribution to the class according to the terms of the Settlement Agreement and this opinion and order." 136 Fed. Cl. at 81; *see also* U.S. Appx. 193. Given that we already affirmed the *Haggart III* judgment in *Haggart IV*, we cannot entertain Ms. Evans's direct-payment argument. At any rate, the parties cite no authority holding that payment through class counsel is improper, and the government represents that it "routinely pays judgment and settlement amounts to counsel trust accounts." Appellee's Br. 22.

Second, Ms. Evans contends that the URA requires the government to reimburse her for contingent fees that she alleges class counsel retained. Informal Br. 2–3. The URA

---

[2]    The page numbers we cite for Ms. Evans's informal brief reference the typewritten document she submitted as an attachment to our informal brief form.

[3]    A separate appeal from this judgment, No. 21-1660, filed by different class members, is pending. Other appeals from this judgment were voluntarily dismissed. *Haggart v. United States*, No. 2021-1072, 2021 WL 3629353, at *1 (Fed. Cir. May 18, 2021).

provides that "[t]he court . . . shall determine and award or allow to such plaintiff, as a part of [a] judgment or settlement, . . . his reasonable costs, disbursements, and expenses, including reasonable attorney . . . fees, actually incurred because of [the] proceeding." 42 U.S.C. § 4654(c). As we've explained, this "is a fee-shifting statute and provides for the award of 'reasonable' attorney fees." *Haggart II*, 809 F.3d at 1355. Here, the Claims Court already calculated those "reasonable" fees via the lodestar method, *Haggart V*, 149 Fed. Cl. at 670, and the government doesn't dispute its obligation to pay them, Appellee's Br. 24–25.

In arguing that the URA additionally requires the government to reimburse her for fees that counsel retained under her contingent fee agreement, Ms. Evans invokes our statement in *Haggart II* that "the URA provision was expressly enacted with the primary purpose of rendering property owners whole." 809 F.3d at 1359; *see* Informal Br. 3. But this merely states the URA's rationale for providing a "reasonable fee." We do not read our prior statement to mean that the government must, on top of paying that reasonable fee, also reimburse Ms. Evans for further fees retained by counsel under a contingent fee agreement, which we said in *Haggart II* is "a matter of individual contract." 809 F.3d at 1357; *see also Haggart III*, 136 Fed. Cl. at 79 ("The amount that any one class member would pay to class counsel or other counsel under an individual agreement is a matter of private contract."). As we've noted before, the Supreme Court has held that a different fee-shifting statute does "not invalidate contingent fee contracts that would require a prevailing plaintiff to pay his attorney more than the statutory award against the defendant." *Haggart II*, 809 F.3d at 1356–57 (discussing *Venegas v. Mitchell*, 495 U.S. 82, 90 (1990) (explaining that 42 U.S.C. § 1988 "controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer")).

Third, Ms. Evans asserts that class counsel extracted an "improper, unethical, and illegal" contingent fee agreement and therefore should repay what he retained. Informal Br. 4. According to Ms. Evans, class counsel retained over $250,000 from her recovery. Informal Br. 2. For its part, the government states that "[c]lass counsel should answer, and this Court should address, Ms. Evans'[s] allegations about the impropriety of her contingent-fee agreement." Appellee's Br. 2. In the government's view, that agreement "potentially implicates several rules of professional conduct for attorneys." Appellee's Br. 18. And, during the pendency of this appeal, the government filed a notice (which we construed as a motion) indicating that, in its view, "it would be appropriate for [class counsel] Mr. Stewart to be named as an appellee in this appeal so that he may be a party to this appeal and may respond to [Ms. Evans's] arguments." Motion at 2, *Haggart v. United States*, No. 21-1658 (Fed. Cir. Apr. 26, 2021), ECF No. 10; *see* Order at 2, *Haggart v. United States*, No. 21-1658 (Fed. Cir. May 18, 2021), ECF No. 15.

We agree with the government insofar as it argues that Ms. Evans's allegations about the impropriety of her contingent fee agreement are directed at class counsel, not the government. But we decline the government's invitation to add Mr. Stewart as appellee so that we can address this right here and now, and we therefore deny the government's motion. It's not for us—in the first instance on appeal and in a case to which Mr. Stewart isn't a party—to adjudicate this undeveloped issue. If Ms. Evans has a meritorious claim against Mr. Stewart, she is free to pursue it in an appropriate forum.

## CONCLUSION

We have considered the parties' remaining arguments but find them unpersuasive. For the reasons set forth above, we affirm the Claims Court's judgment with respect to the issues raised by Ms. Evans in this appeal.

HAGGART v. US                                                      9

## AFFIRMED

#### COSTS

The parties shall bear their own costs.