Franklin D. ALLEN and Lorraine Allen, Plaintiffs,

v.

EXXON SHIPPING COMPANY, Defendant.

Civ. No. 85–0264 P.

United States District Court, D. Maine.

July 31, 1986.

Edward F. Bradley, Jr., Portland, Me., John M. Shortill, Thomas F. Shortill, Shortill & Shortill, Sanford, Me., Edwin L. Wallace, Michael B. Latti, Latti Associates, Arthur P. Skarmeas, Boston, Mass., for plaintiffs.

Leonard W. Langer, Thompson McNaboe & Ashley, Portland, Me., for defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION IN LIMINE

GENE CARTER, District Judge.

Following a pretrial conference of May 23, 1986, the Defendant herein filed, on June 10, 1986, a Motion *in Limine* seeking determination by this Court, in advance of trial, that the Defendant is entitled to set off against any verdict returned for the Plaintiffs herein such sums as Defendant Exxon Shipping Company has paid, or will pay, to Plaintiff Franklin D. Allen, pursuant to Exxon Shipping Company's short- and long-term disability plans, and allowing Defendant to introduce evidence with regard to said plans at trial. In addition, the motion seeks an order excluding any proffer of evidence at trial by Plaintiffs "to show that the maintenance rate of eight ($8) dollars per day set by the applicable collective bargaining agreement was inadequate." Motion *in Limine* at 1.

Also pending is Plaintiffs' Motion *in Limine*, filed on June 11, 1986, seeking an order excluding any evidence as to the fact of the Plaintiffs' application for Social Security disability benefits, application for and/or receipt of benefits from the Defendant's temporary and long-term disability plans, and application for maintenance and cure of benefits, consisting of eight dollars ($8) per day plus the payment of medical bills.

### I. *Application for Social Security Benefits*

■ Although in some respects this issue has been briefed in terms of the admissibility of evidence of the receipt of Social Security benefits by this Plaintiff, it is apparent from a reading of the briefs that Defendant does not propose to offer evidence as to the amount of Social Security benefits received in an effort to accomplish a reduction in damages. Rather, Defendant will seek to offer at trial evidence that the Plaintiff was denied disability benefits by the Social Security Administration as being relevant to resolution of the issue at trial of whether the Plaintiff is in fact disabled. Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion *in*

*Limine* at 3. Thus, the evidence that is proffered by the Defendant is substantive evidence on the issue of the Plaintiff's disability at the time of trial.

The Court is satisfied that the introduction of evidence as to the result of the processing by the Social Security Administration of a claim for disability status and benefits under the Social Security Act will in all probability have little relevance to a determination, in accordance with the medical/legal standards to be applied at trial in this matter, resolving the question of whether the Plaintiff is disabled and, if so, to what extent. Technical rules and procedures, as well as the substantive standards applied by the Social Security Administration, are formulated by statute and regulation and are highly idiosyncratic to Social Security law determinations as such.

While such evidence might have some nominal relevance to a proper determination of disability on the basis of the evidence to be adduced at trial herein, it is apparent to the Court that introduction of such evidence will create a significant confusion of issues in respect to the applicable standards (and the substantive content of those standards) to be applied in resolving at trial the factual and legal questions as to the existence of any disability on the part of the Plaintiff. In addition to, and because of, the latter fact, such evidence would create a high level of risk of misleading the jury as well as, in all probability, leading to a good deal of undue delay and waste of time occasioned by the Plaintiffs' need to counter such evidence and to explain its significance.

Finally, the Court is satisfied that the introduction of such evidence would create a very substantial risk of unfair prejudice to the Plaintiffs' obtaining a fair adjudication, on the basis of properly applicable legal standards, of the disability issue at trial. Taking all of this into account, the Court is fully satisfied that although of some potentially nominal relevance, such evidence is to be excluded for the reason that its nominal probative value is substantially outweighed by the adverse risks indicated above. Fed.R.Evid. 803.

Accordingly, the Plaintiffs' motion *in Limine* to exclude the introduction of such evidence or any reference thereto in the presence of the jury at trial is hereby GRANTED.

## II. *Plaintiff's Receipt of Maintenance and Cure and Medical Payments*

■ Although fully briefed, this issue has, in the judgment of the Court, as suggested by the Plaintiff, now become moot in light of the facts that this Plaintiff ceased receiving maintenance and cure benefits and that his entitlement to them ended upon his entitlement to the commencement of long-term disability payments under the Defendant's disability plan. That having occurred beyond any dispute, there is no longer, in the view of the Court, any viable issue to be pursued at trial in respect to maintenance and cure and medical payments. Accordingly, it is unnecessary for the Court to act with respect to this aspect of the pending motions.

## III. *Plaintiff's Receipt of Disability Plan Benefits*

It is apparent that the issue generated by the Plaintiffs' Motion *in Limine* with respect to the admissibility of evidence of Plaintiff's receipt of short-term and long-term disability benefits under the Defendant's disability plan will be partially resolved by the resolution of the issue generated on the Defendant's Motion *in Limine* to authorize a set-off against any judgment obtained by the Plaintiff of such benefits. The Court will accordingly address the issue generated and briefed by the Defendant's Motion *in Limine*.

■ The parties ultimately agree that the controlling issue in determining whether or not a set-off of these benefits is legally permissible is the nature and character of the benefit received. Plaintiffs' Memorandum in Support of Opposition to Defendant's Motion *in Limine* at 4; Defendant's Reply Memorandum in Support of Motion *in Limine* at 1. It is clear that the general issue to be resolved is whether payment of the benefits is made pursuant to a plan of the employer to provide for its

own indemnification or whether the payment is in the nature of a fringe benefit or deferred compensation. *Clark v. Burlington Northern, Inc.*, 726 F.2d 448 (8th Cir. 1984). It is also agreed that this issue is to be resolved by considering a number of factors: (1) whether the employee makes any contribution to funding of the disability payment; (2) whether the benefit plan arises as the result of a collective bargaining activity; (3) whether the plan and payments thereunder cover both work-related and nonwork-related injuries; (4) whether payments from the plan are contingent upon length of service of the employee; and (5) whether the plan contains any specific language contemplating a set-off of benefits received under the plan against a judgment recovered in a tort action. "The important consideration is the character of the benefits received." *Id.* at 450.

The Court has before it the Affidavit of Gabriella M. Guerra, with the exhibits thereto annexed, filed on June 10, 1986, by the Defendant in support of its motion *in Limine*. That affidavit establishes that this Plaintiff became entitled under the plan to receive a temporary industrial benefit of 100% of his recognized compensation as a result of his industrial injury on October 4, 1982. The affidavit also establishes that the total amount of such payments received by the Plaintiff is Thirty-Six Thousand Nine Hundred One Dollars and Seventy-Three Cents ($36,901.73). Further, the Plaintiff has been receiving long-term disability benefits equal to 50% of his recognized compensation since October 1, 1985, at the rate of One Thousand One Hundred Two Dollars and Fifty Cents ($1,102.50) per month. It is also established that the Plaintiff will continue to receive these payments during his lifetime as long as he has no work capacity.

The affidavit establishes that the Exxon disability plan is self-funded by the employer, and that the payments made by the Defendant into the plan "are based upon the amount paid out to the disabled employees of Exxon." Affidavit at 3, ¶ 6. The disability plan permits Exxon to deduct from long-term disability payments any payments received by the employee in the

form of Social Security payments, either old age or disability benefits, and the government disability benefits and company annuities. The plan defines government disability benefits as including workers' compensation benefits. *Id.*

Further, the plan is shown to entitle the employer "to suspend payments to long-term disability recipients who have procurred [sic] a judgment against Exxon for personal injuries, until such time as the long-term disability payments equal the total of the judgment." *Id.*, ¶ 8.

A consideration of the enumerated factors to be considered in determining the character of the payments reflects that some favor the Defendant's claim of set-off and some favor the Plaintiffs' stance against allowance of a set-off. For example, it is established that the employee makes no contribution to the cost of the Defendant's disability plan under which the benefits are paid. Guerra Affidavit at ¶ 6. Additionally, the disability plan itself is not "established by" a collective bargaining agreement. *Clark v. Burlington Northern, Inc.*, 726 F.2d at 450; *Hall v. Minnesota Transfer Railway Co.*, 322 F.Supp. 92, 95 (D.Minn.1971). Neither the collective bargaining agreement effective July 31, 1985, nor that effective September 1, 1981, contains any provision in respect to disability plans other than a provision that disability income protection programs are not affected by the agreement. Plan Effective September 1, 1981, at 28, Article X; Plan Effective July 31, 1985, at 65, Article XXIV. There was no provision of the collective bargaining agreement, as existed in *Hall*, setting out a "requirement that the employer pay premiums directly to the insurer, much as an employer might at the direction of his employee deduct money from wages and forward them directly to that employee's creditor or bank savings plan." *Id.* at 96.

Finally, the disability plan specifically provides for the employer's discretionary denial of benefits to an employee who "is paid a sum by the *employer* under a judgment for personal injuries or for mainte-

nance and cure while benefits are paid or payable under this plan, until [such time as] denied benefits that would have been payable to such person equal the total of such sum so paid by the *employer.*" Disability Plan, Exhibit A to Guerra Affidavit, at 14 § 3.2(3) (emphasis in original). Such provision clearly evidences an intent by the employer "to make a voluntary disability plan supplemental to sums recovered under the FELA" or other sources of tortious recovery. *Clark v. Burlington Northern Railway Co., Inc.,* 726 F.2d at 451. In such circumstances, set-off is clearly appropriate. *Id.*

On the other hand, it is demonstrated by the record made on the subject motion that the disability plan here in question covers both disability arising from work-related injuries or causes and that which arises from nonwork-related injuries or causes. Additionally, eligibility for payments pursuant to the disability plan is to some extent contingent upon the length of service of the employees and in some situations may be determined in amount by the length of such service. Both of these factors cut in favor of denying a set-off to the employer.

The Court is satisfied that, casting everything on balance, however, the dominant elements of the balancing equation are the facts that the plan is not "established by" a collective bargaining agreement and that it does specifically provide for a suspension of benefits in the discretion of the employer as to any employee who obtains a judgment against the employer. These elements of the plan make it clear that the dominant purpose of the plan is to provide a source of indemnification of the employer against liability for disability arising from personal injury. That is not to say that such is the sole purpose of the plan. However in the view of the Court, it is not essential that such be the *sole* purpose of the plan in order for the payments to qualify under the pertinent provisions of law for set-off. The Court concludes that the short-term and long-term disability payments made to this Plaintiff were made pursuant to a plan intended by the employer, as its dominant purpose, to provide for the employer's indemnification against lia-

bility. For that reason, the payments in question are found not to be in the nature of a fringe benefit or deferred compensation to the employee.

■ Thus, in the judgment of the Court, the employer is entitled to a set-off against any judgment ultimately entered in favor of the Plaintiff herein for the amount of short-term and long-term disability payments which have been paid to date and the value of the right to receive future long-term disability payments. There is, however, no occasion for there to be the introduction of any evidence at trial with respect to short-term payments or the amount of such payments. Those payments are now fixed in their total amount, having now ceased, and can be specified to the Court following the return of any such verdict. The Court will then be in a position to make the deduction for the amount of short-term disability benefits by way of set-off from the total amount of the verdict. The Court directs that such procedure be followed in an effort to avoid any unfair prejudice that might result to the Plaintiffs from having evidence unnecessarily introduced which reflects receipt of short-term disability benefits. Such evidence would serve no relevant purpose and is not necessary in order for Defendant's right of set-off as to those amounts to be fully realized.

■ With respect to the long-term disability benefits, as of the time of trial, the amount that would have then been paid to the Plaintiff as long-term disability benefits can be computed. That amount will be treated in precisely the same manner as will be the short-term disability payments. Therefore, no evidence as to receipt of those benefits by the Plaintiff will be permitted at trial.

In one respect, however, the long-term disability benefits may properly be the subject of some proof at trial. Insofar as the Plaintiff is entitled to receive into the future long-term disability benefits in the amount of One Thousand One Hundred Two Dollars and Fifty Cents ($1,102.50) per month (*see* Guerra Affidavit at 2, ¶ 5), then

Plaintiff's ultimate recovery by way of verdict is subject to reduction for *the value of the right* to receive such benefits in the future. Because the value of that right is dependent in part upon a factual determination as to how long a plaintiff is likely to receive them, the Court is not in a position to make such a deduction in a manner consistent with the factual determinations that will be made by the jury in arriving at a verdict in favor of the Plaintiff in respect to work-life expectancy, life expectancy, and the prospect of full or partial rehabilitation to a work capacity status.

Accordingly, evidence will be permitted at trial to show that, as of the time of trial, the Plaintiff is entitled to receive, and is in fact receiving, long-term disability benefits in the amount of One Thousand One Hundred Two Dollars and Fifty Cents ($1,102.50). No reference whatever may be made to the fact that such benefits and other disability plan benefits have been received in the past by the injured Plaintiff. It may be shown that he will "continue to receive them during his lifetime, as long as he has no work capacity." *Id.* The jury will thus be given the evidentiary data necessary for it to make a computation of the reduction that is appropriate by way of set-off for those future payments on an arithmetic theory that is consistent with the basis of the jury's computation of future damages, if any.

Accordingly, the Defendant's Motion *in Limine* Seeking an Order Allowing Set-off of Disability Plan Benefits is hereby GRANTED as indicated hereinabove, subject to the limitations upon the production of evidence at trial in respect to such set-off indicated in this Part III.

So ORDERED.