**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1318**
_____

EILEEN M. HYLIND,

        Plaintiff - Appellant,

    v.

XEROX CORPORATION,

        Defendant – Appellee,

LAURENCE KAYE,

        Intervenor – Appellee.

--------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Amicus Supporting Appellant.

_____

**No. 11-1320**
_____

EILEEN M. HYLIND,

        Plaintiff - Appellee,

    v.

XEROX CORPORATION,

        Defendant – Appellant,

LAURENCE KAYE,

        Intervenor – Appellee.

---------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Amicus Supporting Appellee.

_____

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:03-cv-00116-PJM)

_____

Submitted: January 10, 2012                   Decided: June 6, 2012

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Eileen M. Hylind, Appellant/Cross-Appellee Pro Se. Elena D. Marcuss, MCGUIREWOODS, LLP, Baltimore, Maryland, for Appellee/Cross-Appellant. Laurence Samuel Kaye, Rockville, Maryland, for Intervenor-Appellee. Anne Noel Occhialino, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Supporting Appellant/Cross-Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this case, Eileen M. Hylind contended that her employer, Xerox Corporation, discriminated against her on the basis of her gender. A jury agreed with her on certain of her claims, and Hylind was eventually awarded approximately $1.2 million in damages. Both Hylind and Xerox now appeal from various aspects of the proceedings below. For the reasons that follow, we affirm in part, vacate in part, and remand.

## I.   Xerox's Cross-Appeal

We begin with the arguments that Xerox raises in its cross-appeal. Xerox first claims that the district court erred in denying its post-trial motion for judgment as a matter of law on each of Hylind's claims relating to her reassignment to certain sales accounts associated with Giant Food. Our review is de novo, and the district court's judgment will be upheld if a reasonable jury, viewing the evidence in the light most favorable to the nonmovant, could have reasonably reached the conclusion adopted by the jury in this case. Dennis v. Columbia Colleton Med. Center, Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). Xerox relies on Delaware State College v. Ricks, 449 U.S. 250, 258 (1980), to argue that Hylind's discrimination claims accrued prior to the limitations period, but our review of the record persuades us otherwise. At trial, the jury heard

3

a substantial amount of evidence suggesting that Hylind did not receive "final and unequivocal notice" of the account reassignments until a time that fell within the limitations period. English v. Whitfield, 858 F.2d 957, 961 (4th Cir. 1988). Thus, to the extent that Xerox contends that Hylind received unequivocal notice prior to the limitations period, its position simply attacks the jury's factual finding to the contrary. Accordingly, the district court properly denied Xerox's motion for judgment as a matter of law.

Xerox also contends that the district court improperly denied its motion for a new trial, claiming irremediable unfair prejudice stemming from the introduction at trial of several photographs of partially nude women. The district court's denial of a motion for new trial is reviewed for an abuse of discretion. Nichols v. Ashland Hosp. Corp., 251 F.3d 496, 500 (4th Cir. 2001). A district court should grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Knussman v. Maryland, 272 F.3d 625, 639 (4th Cir. 2001) (internal citation omitted). Under the circumstances of this case, we conclude that the photographs were not so prejudicial

4

that the district court's denial of Xerox's motion was an abuse of discretion.  See id.

Next, Xerox argues that the district court erred in applying Maryland's 6% prejudgment interest rate to Hylind's back pay award because the actual rate of inflation during the years in question hovered around 2.5%.  Xerox's argument is without merit.  "The rate of pre-judgment interest for cases involving federal questions is a matter left to the discretion of the district court."  Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc).  "In determining the rate of prejudgment interest, the district court is not bound by state law.  That does not mean, however, that the district court may not in its discretion choose to apply the interest rate provided for by state law."  EEOC v. Liggett & Myers Inc., 690 F.2d 1072, 1074 (4th Cir. 1982).  Despite Xerox's assertions that an empirical economic analysis of the years in question would dictate a lower rate of interest, it was not an abuse of discretion for the district court to disagree.

Finally, Xerox contends that the district court erred in granting the motion to intervene filed by Laurence Kaye, an attorney who represented Hylind through trial and was discharged by her while the damages awards were being litigated before the district court.  The district court's decision on a motion to intervene is reviewed for an abuse of discretion.  Safety-Kleen,

5

Inc. v. Wyche, 274 F.3d 846, 867 (4th Cir. 2001).  Some courts have expressed skepticism that a former attorney of a client may intervene as of right in his client's suit to protect his interest in a potential award of attorney's fees.  See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176-79 (2d Cir. 2001) (discussing, among other cases, Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970) (per curiam), which permitted intervention as of right).  We need not decide that issue in the present case.  Instead, pursuant to Fed. R. Civ. P. 24(b)(2), a district court may permit an applicant to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  On this basis, we conclude that the district court did not commit an abuse of discretion in granting Kaye's motion to intervene.  See Venegas v. Skaggs, 867 F.2d 527, 529-31 (9th Cir. 1989), aff'd on other grounds sub. nom. Venegas v. Mitchell, 495 U.S. 82 (1990).

## II.  Hylind's Appeal

Hylind also raises numerous issues on appeal, which we address in turn.  First, Hylind asserts that the district court improperly dismissed her quid pro quo and hostile environment claims as barred by the statute of limitations.  To the extent that Hylind's hostile work environment claim was based on the alleged sexual misconduct of her supervisors prior to 1992, we

6

agree with the district court that her claim was time barred. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002). Moreover, to the extent that Hylind's quid pro quo and hostile work environment claims were based on acts that arguably fell within the applicable 300-day statutory period to bring Title VII claims, 42 U.S.C. § 2000e-5(e)(1), Hylind has not demonstrated that her recovery could be any different if she had proceeded, and was ultimately successful on, a quid pro quo or hostile work environment theory.

Here, the jury returned a verdict in favor of Hylind on two claims, awarding $1,000,000 in compensatory damages on her sexual discrimination claim, and $500,000 in compensatory damages on her retaliation claim. Thereafter, the district court reduced the jury's award of compensatory damages on Hylind's successful claims to the $300,000 statutory cap. Even if other related Title VII claims brought by Hylind against Xerox ultimately were successful, such claims also would have been subject to the statutory cap. 42 U.S.C. § 1981a(b)(3)(D); Black v. Pan Am. Labs., LLC, 646 F.3d 254, 264 (5th Cir. 2011) (adopting the reasoning of "[o]ther courts [that] have uniformly held that Title VII's damages cap applies to each party in an action, not to each claim" (citing cases)). Thus, we will not disturb the district court's judgment on this issue.

7

Hylind also contends that the district court erred in refusing to permit her to amend her complaint to add additional state law and federal claims, which would have enabled her to evade the statutory damage cap on her Title VII claims. We disagree with Hylind and hold that the district court's denial of her motion was not an abuse of discretion. Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir.), cert. denied, 131 S. Ct. 504 (2010); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Next, Hylind contests the district court's denial of her post-trial motion for judgment as a matter of law on her Title VII sex discrimination and retaliation claims involving her removal from an account associated with Vitro, one of Xerox's customers. Hylind argues that she only needed to show that sex was a motivating factor for the employer's decision to remove her from the Vitro account. However, while the district court recognized that Hylind was entitled to a motivating factor instruction under a mixed-motive framework and offered her counsel the opportunity to proceed on that basis, Hylind's counsel instead opted to proceed under the pretext framework in order to prevent Xerox from raising a particular affirmative

8

defense.[1]  We decline at this stage of the litigation to relieve Hylind of the consequences of her tactical decision at trial. And, in any event, Hylind has not demonstrated how these claims, if ultimately successful, might have resulted in a different recovery.  42 U.S.C. § 1981a(b)(3)(D); Black, 646 F.3d at 264.

Hylind also raises several challenges to the damages determinations made by the district court.  "A court's calculation of damages is a finding of fact and therefore is reviewable only for clear error, but to the extent those calculations were influenced by legal error, review is de novo." Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 427 (4th Cir. 2010).

Hylind first complains that the district court's determinations as to the duration and rate of back pay improperly intruded on the fact-finding duties of the jury. However, the determination of back pay is an equitable matter for the judge, not the jury.  See Duke v. Uniroyal Inc., 928 F.2d 1413, 1424 (4th Cir. 1991) (holding that an award of

---

[1] In mixed-motive cases, if the employer demonstrates that it would have taken the same action absent the impermissible motivating factor, "the employer has a limited affirmative defense that does not absolve it of liability, but restricts the remedies available to a plaintiff . . . [only to] declaratory relief, certain types of injunctive relief, and attorney's fees and costs."  Desert Palace, Inc. v. Costa, 539 U.S. 90, 94 (2003).

compensation for future lost earnings, or "front pay," is an equitable matter for the court, not the jury); Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that an award of back pay under Title VII "remains an equitable remedy to be awarded by the district court in its discretion"); Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 500-01 (7th Cir. 2000) (same, with respect to back pay and front pay). Hylind also has not pointed to any other factor suggesting that the district court abused its discretion regarding the duration of the back pay it awarded her, or with respect to its decision to deny her front pay. See Universal Furniture, 618 F.3d at 427; Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1278 (4th Cir. 1985). Accordingly, we affirm the district court's conclusions as to the duration of the back pay award.[2]

By contrast, we conclude that Hylind's attack on other aspects of the back pay award holds more merit. In particular, Hylind argues that the district court erred in offsetting

---

[2] Hylind also urges that the Lilly Ledbetter Fair Pay Act of 2009 (the "FPA") permits her to recover damages for Xerox's much earlier employment decisions because Xerox's conduct exhibited a pattern of "discriminatory compensation or other practice" such that the statute of limitations for all of its conduct runs from the last discriminatory act it took. See 42 U.S.C. § 2000e-5(e)(3)(A) (West Supp. 2011). We agree with Xerox that the FPA is inapposite to this case. See Noel v. Boeing Co., 622 F.3d 266, 274 (3d Cir. 2010); Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 375 (D.C. Cir. 2010).

10

certain disability payments received by Hylind from her back pay award. In this respect, Hylind asserts that the district court misapplied the collateral source rule, which provides that "compensation from a collateral source should be disregarded in assessing . . . damages." Sloas v. CSX Transp. Inc., 616 F.3d 380, 389 (4th Cir. 2010). The defendant bears the burden of demonstrating that it is entitled to an offset. Id.

Relying on Szedlock v. Tenet, 61 F. App'x 88, 93 (4th Cir. 2003) (unpublished) (per curiam), and Fariss v. Lynchburg Foundry, 769 F.2d 958, 966 (4th Cir. 1985), for the proposition that collateral funds are "those received from a source distinct from the employer," the district court ruled that the payments Hylind received under the disability plan were not collateral largely because the plan was a benefit that Hylind received as an employee of Xerox and there was some indication that Xerox contributed to the payments.

While the parties' motions pertaining to damages were pending before the district court, however, we held that the mere fact "[t]hat a benefit comes from the defendant . . . does not itself preclude the possibility that it is from a collateral source." Sloas, 616 F.3d at 389. Instead, a plaintiff "may receive benefits from the defendant himself which, because of their nature, are not considered double compensation for the same injury but are deemed collateral." Id. at 390.

11

According to Sloas, if the defendant "provides a benefit to the plaintiff specifically to compensate him for his injury, the benefit does not constitute a collateral source," and the payments may be offset against the damage award. Id. By contrast, a payment is from a collateral source and should not be offset if the defendant "does not provide the benefit to the plaintiff as compensation for his or her injury." Id. Under Sloas, in other words, a benefit provided by the defendant is from a collateral source "unless it results from payments made by the employer in order to indemnify itself against liability." Id. Accord Davis v. Odeco, Inc., 18 F.3d 1237, 1244 (5th Cir. 1994).

Although Xerox claims that Sloas is inapplicable to Hylind's case, we disagree. Accordingly, we vacate the damages award entered in this case and remand to the district court for it to re-assess its offset determinations in light of Sloas.[3]

We have carefully reviewed each of the other arguments asserted by Hylind, including her contentions regarding the

---

[3] We emphasize that we hold only that Sloas is applicable to the analysis of this case; we take no view as to whether Sloas, as applied to Hylind's disability payments, directs that they be offset from her back pay award. We leave that determination in the first instance to the district court upon further development of the record. See generally Sloas, 616 F.3d at 390; Phillips, 953 F.2d at 930; Davis, 18 F.3d at 1244; EEOC v. O'Grady, 857 F.2d 383, 391 (7th Cir. 1988).

12

district court's denial of injunctive relief, failure to structure her damages award to allow her to realize certain tax advantages, rulings on costs, and denial of her post-trial motion for judgment as a matter of law with respect to punitive damages. Our review of the record convinces us that each of Hylind's arguments is without merit.

Accordingly, we affirm the judgment of the district court in each respect, except for its decision to offset Hylind's disability payments from her back pay award. On that issue, we vacate the district court's judgment and remand the case for entry of a damages award consonant with our holding in Sloas. We also deny Hylind's pending motion to reconsider the court's order granting leave for Xerox to file a supplemental appendix and her pending motion to supplement the record with certain medical information. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument will not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

13