**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————

**No. 15-1425**

————

EILEEN M. HYLIND,

                    Plaintiff - Appellant,

          v.

XEROX CORPORATION,

                    Defendant - Appellee.

————

**No. 15-1438**

————

EILEEN M. HYLIND,

                    Plaintiff - Appellee,

          v.

XEROX CORPORATION,

                    Defendant - Appellant.

————

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:03-cv-00116-PJM)

————

Submitted:  October 30, 2015          Decided:  December 11, 2015

————

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

————

Affirmed as modified by unpublished per curiam opinion.

———————————

Eileen M. Hylind, Appellant/Cross-Appellee Pro Se. Elena D. Marcuss, Adam Thomas Simons, MCGUIREWOODS, LLP, Baltimore, Maryland, for Appellee/Cross-Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eileen M. Hylind successfully sued Xerox Corp. ("Xerox") for gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a) (2012). In a previous appeal, we affirmed most of the district court's rulings, but vacated the back pay award and remanded to the district court for it to re-assess its offset determinations in light of Sloas v. CSX Transp., Inc., 616 F.3d 380, 389-90 (4th Cir. 2010). Hylind v. Xerox Corp., 481 F. App'x 819, 825 (4th Cir. 2012). On remand, the district court held that payments Xerox made to Hylind pursuant to its disability plan did not offset Hylind's back pay award. Xerox appeals this ruling, and Hylind cross-appeals several elements of the district court's calculation of her back pay and interest.

Xerox argues that most of Hylind's claims are barred by the mandate rule. We agree. When a judgment is vacated only in part or for a limited purpose, the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted). We previously rejected Hylind's

3

claims that the district court erred in determining the number of years of lost wages to which she was entitled and the pay rate for those wages. <u>Hylind</u>, 481 F. App'x at 824-25 & n.2. Accordingly, the mandate rule bars us from reconsidering that decision in the present appeal. Likewise, because Hylind failed to challenge the district court's denial of prejudgment interest on her compensatory damages and costs awards in her first appeal, we cannot consider these challenges now. Finally, we affirm the district court's decision to deny Hylind's motion to alter or amend the judgment to increase the benefits amount included in her back pay award because that motion was barred by the mandate rule.

We turn next to Xerox's claim that the district court erred by denying it an offset for the payments it made to Hylind under its disability plan. "The collateral source rule holds that compensation from a collateral source should be disregarded in assessing . . . damages." <u>Sloas</u>, 616 F.3d at 389 (internal quotation marks omitted). "We . . . consider a benefit to be from a collateral source unless it results from payments made by the employer in order to indemnify itself against liability." <u>Id.</u> at 390 (internal quotation marks omitted).

In determining that Xerox's disability payments constituted a collateral source, the district court applied the five factors set forth in <u>Allen v. Exxon Shipping Co.</u>, 639 F. Supp. 1545,

4

1548 (D. Me. 1986). We agree with the district court's assessment of these factors for the reasons stated by the district court. Moreover, viewing the evidence as a whole, it is clear that Xerox's disability plan was designed as an employee benefit, and not to indemnify Xerox against liability. Accordingly, we affirm the district court's back pay award.

Hylind appeals several aspects of the district court's interest computations. First, Hylind argues that the district court erred by using Fed. R. Civ. P. 60(a) to alter its November 8, 2013 order that postjudgment interest on Hylind's compensatory damages award would run from June 29, 2007. Even if we were to conclude that the district court erred, no corrective action is necessary. The compensatory damages award was affirmed in all respects by our decision in the earlier appeal of this case. Thus, the district court was without authority to alter any aspect of the compensatory damages award. The court's April 23, 2014 order merely restored that award to the state that was affirmed in our prior decision, and thus requires no correction.

Hylind also argues that the district court erred by assessing postjudgment interest on her back pay award from the date of the judgment prior to remand rather than the date of the judgment following remand. We conclude that the district court did not err, as our prior decision vacated the back pay award to

5

permit the district court to reconsider its application of the collateral source rule—but did not affect Hylind's entitlement to at least the quantum of back pay awarded prior to that appeal. Thus, the date of the prior judgment awarding back pay was the proper date for commencement of postjudgment interest. See Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990).

Hylind further argues that the district court should have amended its calculation of prejudgment interest on her back pay award pursuant to Rule 60(a). However, the record does not indicate that the district court's calculations were the product of a mathematical error rather than a deliberate decision to estimate Hylind's salary as accruing on September 17 of each year. Accordingly, we find that the district court did not abuse its discretion in denying Hylind's Rule 60(a) motion.

Finally, Hylind challenges the district court's order denying her motion for an order requiring postjudgment interest after July 31, 2014. This order stated: "The [c]ourt reiterates that Hylind is entitled to simple postjudgment interest at the federal legal rate from the date of judgment until paid. See 28 U.S.C. § 1961. . . . Simple postjudgment interest at the federal legal rate continues to accrue after July 31, 2014 until paid." Hylind correctly notes that she is entitled to compound interest, not simple interest. 28 U.S.C.

6

§ 1961(b) (2012). It appears that the district court did not intend this language to constitute an order that simple postjudgment interest accrue following July 31, 2014, but was merely observing that the law already provided that postjudgment interest would accrue after that date. Nonetheless, for purposes of clarity, we modify the district court's order to clarify that compound, rather than simple, postjudgment interest applies.

In sum, we modify the district court's March 25, 2015 order to state that postjudgment interest is compound interest, rather than simple interest, and affirm that order as modified. We affirm the district court's rulings in all other respects.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

---

\* We deny Hylind's request for a ruling that district court's calculation of her benefits amount does not have a preclusive effect on future litigation should Xerox engage in future illegal acts. See Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 269 (4th Cir. 2013) ("[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted)).